**Ken Marlowe ABBETT, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 13–84–112–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 28, 1984.

Rehearing Denied June 13, 1985.

---

Thomas K. Robinson, Gonzales, for appellant.

W.C. Kirkendall, Dist. Atty., Seguin, Andrew J. Forsythe, Sp. Asst. Dist. Atty., Austin, for appellee.

## OPINION

UTTER, Justice.

Appellant was charged by indictment by the Grand Jury of Gonzales County with the offense of Engaging in Organized Criminal Activity under TEX.PENAL CODE ANN. § 71.02 (Vernon Supp.1985) for conspiring to commit the offense of unlawful delivery of methamphetamine, a controlled substance. One hundred eighteen (118) individuals were implicated in the indictment, which alleged four hundred sixty-nine (469) specified overt acts. Appellant was convicted by a jury for the offense; and, after having plead "true" to the enhancement count of the indictment, appellant was sentenced by the trial court to confinement in the Texas Department of Corrections for not less than fifteen (15) years nor more than ninety-nine (99) years. The judgment of conviction is reversed and reformed to reflect an acquittal.

In his first ground of error, appellant complains that the trial court erred in refusing to dismiss the indictment because appellant's rights under the Texas Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985), were violated.

Appellant was arrested on September 3, 1983, for the offenses of burglary and theft and was confined in jail. On November 1, 1983, the indictment, which charged appellant in this case, was filed; and, on that same day, the State filed its written announcement of ready for trial. A hearing on pre-trial motions was set to be held on December 20, 1983; however, the hearing on pre-trial motions, including appellant's motion to dismiss, was continued from December 20, 1983, to January 16,

1984, at which time, following a hearing, appellant's motion to dismiss was denied.

■ Appellant argues (1) that the continuance, which the State allegedly suggested, reflected that the State was not ready at that time and thereby rebutted the State's earlier written announcement of ready and (2) that, at the hearing on the motion to dismiss, the State did not meet its burden of proving that it was ready for trial within the 120-day period prescribed by the Texas Speedy Trial Act. Because overt acts nos. 394 and 398 of the indictment in this case were shown to be related to the burglary and theft offenses for which appellant was previously arrested on September 3, 1983, appellant relies upon the "arising out of the same transaction" language of TEX. CODE CRIM.PROC.ANN. art. 32A.02 § 2(a) (Vernon Supp.1985) to fix September 3, 1983, as the beginning date of the 120-day period during which the State had to be ready for trial.

We have reviewed the record of the hearing on appellant's motion to dismiss which reveals that the continuance of the hearing on pre-trial motions was suggested to the trial court by the State. However, there was no showing that the delay was attributable to the State not having been ready, rather the testimony presented suggested (1) that the continuance of the hearing was ordered to accommodate the lawyers for approximately eighty-five (85) defendants and (2) that guilty pleas from many of the defendants would make pre-trial hearings unnecessary if the pretrial hearings were to come later. No written motion for continuance was filed by the State. We hold that proof of the mere continuance of such a hearing at the suggestion of the State was insufficient to rebut the State's earlier announcement of ready and to show that the State was not ready. It was incumbent upon appellant to present evidence, which was sufficient to rebut the State's assertion (written announcement of November 1, 1983) of readiness for trial. *Hougham v. State*, 659 S.W.2d 410 (Tex.Crim.App.1983). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant complains that the indictment should have been quashed because it failed to allege whom the "each other" were. The indictment upon which appellant was convicted recited:

The Grand Jury of Gonzales County, State of Texas, duly selected, empaneled, sworn, charged and organized as such at the June Term, A.D. 1983, of the 25th Judicial District Court for said County, upon their oaths present in and to said Court at the said term that KEN MARLOWE ABBETT, hereinafter styled Defendant, on or about the 1st day of October, 1981, and before the presentment of this indictment, in the County and State aforesaid, did then and there, with intent to establish, maintain or participate in a combination or in the profits of a combination, did conspire and agree with *each other* to commit the offense of unlawful delivery of a controlled substance, to wit: methamphetamine and the said [118 persons] pursuant to said agreement did then and there perform overt acts pursuant thereto: [four hundred sixty-nine paragraphs]. (Emphasis added).

We have examined appellant's motion to quash and conclude that the motion was not sufficiently specific to present this complaint to the trial court. We have carefully examined the record and find that there is no reference in the record to the ruling of the trial court rejecting the complaint that appellant now makes; nothing is presented for review, unless the indictment is fundamentally defective. *Clayton v. State*, 652 S.W.2d 950 (Tex.Crim.App.1983), cert. denied, —— U.S. ——, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984).

In addition, failure to allege the other people, who collaborated in carrying on the alleged criminal activities with appellant, was a matter of form that would have given appellant notice of the identity of his collaborators. Failure to give adequate notice is a defect of form and may not be raised for the first time on appeal. *Clayton v. State*, 652 S.W.2d at 955. We overrule appellant's second ground of error.

In his third ground of error, appellant complains that the indictment should have been quashed because the indictment failed to allege that appellant performed an overt act. Appellant failed to present this complaint to the trial court; however, we believe that this complaint presents fundamental error.

■ In the instant case, the indictment alleges that one hundred eighteen (118) named persons "pursuant to said agreement did then and there perform overt acts pursuant thereto" and then proceeds to set out those specified acts in four hundred and sixty-nine (469) paragraphs. Although appellant's name appears in the list of the four hundred and sixty-nine (469) overt acts numerous times, appellant's name is *not* included in the list of the one hundred eighteen (118) persons, who performed the overt acts. We conclude that the indictment fails to allege that appellant committed an overt act, and we further conclude that this omission from the indictment constitutes fundamental error.

■ Under the organized crime statute, the term "conspires to commit" has a specific legal definition:

"Conspires to commit" means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense *and that person and one or more of them perform an overt act* in pursuance of the agreement. (Emphasis added).

TEX.PENAL CODE ANN. § 71.01(B) (Vernon Supp.1985). This section defines "conspires to commit" conjunctively; the person charged *and* one or more others must do an overt act. This is a more stringent burden of proof imposed on the State than that imposed under the general conspiracy statute.[1] Failure to allege that *appellant* performed an overt act renders the instant indictment fundamentally defective.

In its brief, the State relies heavily on language from *Clayton v. State* for the proposition that an indictment need only track the language of § 71.02, and not § 71.01 also. In *Clayton v. State*, the Court of Criminal Appeals wrote:

In sum, an indictment which is alleged in the language of § 71.02(a)(5) is adequate to allege an offense against the laws of this State; since the indictment before us includes each element of the offense prescribed by § 71.02(a)(5), supra, it is sufficient to support convictions obtained thereon, and we so hold.

*Clayton v. State*, 652 S.W.2d at 956. However, in examining the indictment in *Clayton v. State*, we observe that the indictment in *Clayton v. State* listed the defendants' names and then alleged that the "said defendants performed" specified overt acts.

The Court of Criminal Appeals has recognized the similarities between the organized crime statute, TEX.PENAL CODE ANN. § 71.02 (Vernon Supp.1985), and the general conspiracy statute, TEX.PENAL CODE ANN. § 15.02 (Vernon 1974). *See Clayton v. State*, 652 S.W.2d at 955 n. 5; *Williams v. State*, 646 S.W.2d 221 (Tex. Crim.App.1983). In *Williams v. State*, the Court of Criminal Appeals set out the elements of the offense of Conspiracy under § 15.02. One of those elements is that "he or one or more of them performs an overt act in pursuance of the agreement." *Williams v. State*, 646 S.W.2d at 222. Just as an overt act is an element of the offense of Conspiracy, so too is an overt act an element of the offense of Engaging in Organized Criminal Activity.

We conclude that an allegation that *appellant* committed an overt act is an essential element of an offense under § 71.02 and that the omission of said allegation from the indictment constitutes fundamental error.

The State also argues that the indictment is sufficient because it tracks the language

---

**1.** An indictment charging the offense of Conspiracy under TEX.PENAL CODE ANN. § 15.-02(a)(2) (Vernon 1974) is sufficient if it alleges that the defendant "*or* one or more of them performs an overt act." *Williams v. State,* 646 S.W.2d 221 (Tex.Crim.App.1983).

of the statute. It is a well-established rule that a pleading, when alleged in terms of the statute, is rarely insufficient. *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App. 1981). Generally, with few exceptions, the courts hold that, if a term is defined in the statute, the definition is essentially evidentiary and need not be alleged. *Id.*, at 162. However, we believe that the organized crime statute presents one of those rare exceptions to the above rule.

In *Thomas v. State*, the Court of Criminal Appeals emphasized that the term that the defendant sought to have clarified *did not go to an act or omission of the defendant. Id.*, at 164. Under the organized crime statute, "conspires to commit" goes directly to an act of appellant and includes not just one but two elements of the offense (i.e. the agreement *and* the overt act).

■ We hold that the State cannot avoid alleging an agreement *and* an overt act in the indictment charging appellant with the offense of Engaging in Organized Criminal Activity merely because these elements of the offense have been set forth in a definition. *Cf. Minix v. State*, 579 S.W.2d 466 (Tex.Crim.App.1979) (simple use of word "forge" in the indictment insufficient to incorporate by reference the missing element). Appellant's third ground of error is sustained.

■ In his fourth ground of error, appellant complains that the trial court erred in failing to quash the indictment because the indictment failed to allege whether the delivery was constructive or actual. Appellant's ground of error would be sustained if this were a prosecution for delivery of methamphetamine. *See Ferguson v. State*, 622 S.W.2d 846 (Tex.Crim.App.1980) (type of delivery essential to give notice); however, this case involves a prosecution for conspiracy to deliver methamphetamine.

As stated in *Farrington v. State*, 489 S.W.2d 607 (Tex.Crim.App.1973):

The conspiracy to commit a crime and the commission of the substantive crime which is the object of the conspiracy are separate and distinct offenses. An indictment charging a conspiracy to commit a felony need not allege the offense intended with the particularity necessary in an indictment charging the commission of the intended offense.

*Farrington v. State*, 489 S.W.2d at 609. Appellant's fourth ground of error is overruled.

Appellant in his fifth ground of error complains that the indictment failed to give him adequate notice and was not written in plain and intelligible language. Although this general complaint was made in appellant's motion to quash, appellant did not refer to any specific portion of the indictment.

■ A motion to quash is directed to the sound discretion of the trial court. *Thomas v. State*, 621 S.W.2d 158 (Tex. Crim.App.1981). We find no abuse of the court's discretion in overruling such a general attack on the indictment. Appellant's fifth ground of error is overruled.

In his sixth ground of error, appellant alleges that there was a "fatal variance" between the indictment and the evidence. Appellant complains that, without naming the individuals who constituted "each other", the State was, nevertheless, permitted to introduce testimony concerning their identity. In reviewing this ground of error, we are confronted with a brief that presents a combined argument for appellant's second through ninth grounds of error. No cases or references to the record are cited concerning this alleged "fatal variance"; we find only the following statement in appellant's brief: "During the course of the trial, the undersigned writer objected on numerous occasions to the admissibility of the testimony of the State's witnesses as being outside of the State's pleadings."

We hold that, absent any complaint by motion to quash, the State's pleading of "each other" was sufficient to allow introduction of evidence of the identity of appellant's co-conspirators. Appellant's sixth ground of error would seem to be a restatement of his second ground of error; ac-

cordingly, we overrule appellant's sixth ground of error.

■ In his seventh ground of error, appellant alleges the trial court erred in overruling his motion for instructed verdict because the indictment failed to state an offense. A motion for instructed verdict addresses the sufficiency of the evidence, not the sufficiency of the indictment. The latter is challenged before trial by a motion to quash or at trial by a motion to dismiss the prosecution. Appellant's seventh ground of error is overruled.

Appellant in his eighth ground of error alleges:

THERE WAS A FATAL VARIANCE BETWEEN THE INDICTMENT AND THE COURT'S CHARGE BECAUSE THE INDICTMENT FAILS TO ALLEGE WHO APPELLANT "CONSPIRED WITH" AND PARAGRAPH NUMBER 9 OF THE COURT'S CHARGE NAMES THE ALLEGED CONSPIRATORS BUT FAILS TO ASK IF A CONSPIRATOR PERFORMED AN OVERT ACT IN PURSUANCE OF THE AGREEMENT.

Appellant's ground of error is multifarious. We have previously addressed his complaint that the co-conspirators were not named in the indictment, so further discussion of that point is unwarranted. Appellant also appears to suggest under this same ground of error that the trial court's charge omitted an essential element of the offense. Since the omission of an element raises the possibility of fundamental error, we will review appellant's contention, as we understand it, in light of *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985).

As discussed under appellant's third ground of error, TEX.PENAL CODE ANN. § 71.01(b) (Vernon Supp.1985) is drafted conjunctively. It is not sufficient that the accused *or* another perform an overt act with the requisite mental intent. There must be an overt act performed by the accused *and* one or more others. It appears to be appellant's contention that the charge did not require the jury to find that appellant *and* one or more others performed an overt act.

■ Paragraph Nine of the court's charge submitted appellant's culpability to the jury. Under this paragraph, the jury was *required to find that appellant* "conspired to commit" the offense. This particular paragraph, however, did not explicitly require the jury to find that appellant *and* one or more others performed an overt act. Nonetheless, the jury was properly instructed on the definition of the term "conspires to commit" in the charge's second paragraph. That paragraph requires a finding that the accused and one or more others perform an overt act. Applying *Almanza,* wherein this Court is required to review the entire jury charge rather than merely the application paragraph, we cannot find that the court's charge contained fundamental error. Appellant's eighth ground of error is overruled.

In his ninth ground of error, appellant asserts:

THE COURT ERRED IN OVERRULING THE APPELLANT'S MOTION FOR INSTRUCTED VERDICT ON THE GROUND THAT THERE WAS A FATAL VARIANCE BETWEEN THE INDICTMENT AND THE EVIDENCE PRESENTED DURING THE TRIAL IN THAT THE INDICTMENT FAILED TO ALLEGE THAT KEN MARLOWE ABBETT PERFORMED AN OVERT ACT.

We overrule appellant's ninth ground of error for the same reason that we have overruled his seventh ground of error. A motion for instructed verdict is not the proper vehicle by which to attack an indictment.

In his tenth ground of error, appellant alleges that the evidence is insufficient to prove that he committed the offense of Engaging in Organized Criminal Activity by conspiring to commit the offense of unlawful delivery of the controlled substance methamphetamine. We again set out the statutory definition of the term "conspires to commit":

"Conspires to commit" means that a person agrees with one or more persons that

they or one or more of them engage in conduct that would constitute the *offense* and that person and one or more of them perform an overt act in pursuance of the agreement.
TEX.PENAL CODE ANN. § 71.01(b) (Vernon Supp.1985). The statute states that an agreement constituting conspiracy to commit an offense may be inferred from the acts of the parties. *Id.*

The State is correct when it writes in its brief that "[t]here can be no doubt from the evidence that Appellant agreed with one or more persons that they would commit the offense of delivery of methamphetamines ..." However, in order to determine whether the evidence is sufficient to show appellant committed the offense of Engaging in Organized Criminal Activity, there must be proof that the agreement was made with the intent to establish, maintain or participate in a combination or in the profits of a combination. *Clayton v. State,* 652 S.W.2d at 955 n. 5. We have reviewed the evidence and conclude that it is insufficient to show that appellant agreed to deliver methamphetamine with the intent to establish, maintain or participate in a combination or in the profits of a combination. Appellant's tenth ground of error is sustained.

In his eleventh ground of error, appellant alleges that the evidence is insufficient to show he participated in a combination of five persons and is insufficient to show collaboration between five or more persons. The statute fails to define "collaboration"; however, in *Lucario v. State,* 677 S.W.2d 693 (Tex.App.Houston [1st Dist.] 1984, no pet.), the Houston (1st District) Court of Appeals held that the common meaning of the term "collaborating" as understood by a person of ordinary intelligence is that of working together with a specified number of others in specified criminal activities. We find that the evidence is insufficient to show a group consisting of appellant and four others worked together in the activity of selling methamphetemine. Appellant's eleventh ground of error is sustained.

In his twelfth ground of error, appellant alleges that the State failed to "collaborate" (sic, corroborate) accomplice witness testimony with sufficient independent evidence. *See* TEX.CODE CRIM.PROC. ANN. art. 38.14 (Vernon 1979).

The well established test as to sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witnesses and then examine the other evidence to ascertain if it is of incriminating character which tends to connect the defendant with the commission of the offense. If there is such evidence, the corroboration is sufficient; otherwise, it is not.

*Rice v. State,* 587 S.W.2d 689 (Tex.Crim. App.1979). Furthermore, it is not necessary that the corroboration directly link appellant to the crime or be sufficient in itself to establish guilt; it need only make the accomplice's testimony more likely than not. *Id.,* at 694.

Appellant argues that, with the exception of James Brubaker's and James Morlandt's testimony, all of the testimony implicating appellant was given by accomplices. We have examined the testimony of undercover officer Brubaker, find it more than sufficient to connect appellant with the commission of the offense and further find that it lends credence to the accomplices' testimony. Appellant's twelfth ground of error is overruled.

In his thirteenth ground of error, appellant alleges that the evidence is insufficient to show that he and four or more others collaborated in the offense. The application portion of the instant charge follows:

9.

Now, therefore, if you find and believe from the evidence beyond a reasonable doubt that ROBERT LUTHER BASS, CHARLIE V. BURRIER, JR., RAMONA KATHERINE BOLTON, ESTHA WILEY KUNTSCHIK, KARLA STARLEEN SLESNICK, DONNA KORA-

NEK, JAMES KORANEK, JUANITA M. BROOKINS, JAMES W. CURRY, DEBRA ANN BELL, JAMES DONALD HUBER, BEVERLY ANN WILLIAMS, JOHNNIE D. HALL, GEORGE D. EVANS, SARAGOZA TRIGO, JR., WALTER PATTESON, MAYNE EUGENE LASTER, EUGENE O. BOECK, KENNETH KNAPP JOHNSON, NORMAN T. INCE, hereinafter called the other defendants, or any four or more of them, and KEN MARLOWE ABBETT did, on or about the 1st day of October, 1981, in Gonzales County, Texas, then and there with intent to establish, maintain or participate in a combination, or in the profits of a combination, conspire to commit the offense of unlawful delivery of a controlled substance, namely methamphetamine, and did then and there agree among themselves, and with each other, to engage in conduct constituting said offense, to wit, to intentionally or knowingly deliver a controlled substance, namely methamphetamine, and in pursuance of such agreement, the said KEN MARLOWE ABBETT performed one or more overt acts as follows, to wit:

The trial court instructed the jury regarding the meaning of the term "conspire to commit". That instruction tracked the language of § 71.01(b) and was couched in terms of an agreement between appellant and one or more others. This is all that this statute requires, and the court's charge would have been sufficient had the trial court stopped there. However, the Court added the following language without objection from the State: "... and did then and there agree among themselves, and with each other...." This additional language imposed a duty upon the State to show an agreement among appellant and four others.

We have reviewed the record in light of the court's charge, including the instruction, and find the evidence insufficient to show an agreement among appellant and four other persons. Appellant's thirteenth ground of error is sustained, and an order of acquittal must be entered. *See Benson*

*v. State*, 661 S.W.2d 708 (Tex.Crim.App. 1982).

In his fourteenth and fifteenth grounds of error, appellant challenges the admission of telephone records and a pen register tap by the Texas Department of Public Safety. Appellant's objections at trial were based upon (1) the lack of proper predicate and (2) noncompliance with TEX. R.EVID. 901(b)(9). We have reviewed the evidence in light of *Clayton v. State*, 652 S.W.2d 950 (Tex.Crim.App.1983), and conclude that the trial court did not err in admitting these records. Appellant's fourteenth and fifteenth grounds of error are overruled.

In his sixteenth ground of error, appellant challenges the admission of a color television set. In his seventeenth ground of error, he challenges the admission of a paper cup that contained methamphetamine. In his eighteenth ground of error, appellant challenges the admission of two different methamphetamine samples, one of which was that in the paper cup.

At trial, the State established that the television set was stolen from Charles Burrier, a co-conspirator, in retaliation for his reneging on his promise to pay for drugs fronted to him. It was also shown that appellant shared in the proceeds from the television set and that the proceeds, approximately $60.00, were, in part, used to buy drugs. Concerning the paper cup that contained methamphetamine, there was testimony at trial that it was the same cup containing methamphetamine that appellant sold to Bass for Bass to deliver to an undercover officer. Concerning the other sample of methamphetamine, it was purchased from Burrier, a co-conspirator.

Evidence must be relevant to a contested issue to be admissible. *Stone v. State*, 574 S.W.2d 85 (Tex.Crim.App.1978). However, the determination of this admissibility is within the sound discretion of the trial court. *Id.*, at 89. We conclude the television set, the paper cup and methamphetamine samples were relevant evidence and were admissible to show the existence

of the conspiracy. Consequently, we find no abuse of the trial court's discretion. Appellant's grounds of error numbers sixteen, seventeen and eighteen are overruled.

Because the indictment and the court's charge are fundamentally defective and the evidence is insufficient to support the conviction for the offense of Engaging in Organized Criminal Activity, the judgment of the trial court is REVERSED and reformed to reflect an acquittal under the authority of *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). This cause is REMANDED for proceedings pursuant to TEX.CODE CRIM. PROC.ANN. art. 37.12 (Vernon Supp.1985). Consequently, we need not address (1) appellant's further complaint that the court's charge authorized the jury to convict him for the felony offense of delivery of methamphetamine and (2) the State's complaint that appellant was improperly sentenced.

BENAVIDES, J., concurring.

BENAVIDES, Justice, concurring.

I concur with the opinion of the majority reversing the conviction of appellant and entering an acquittal, except that I would also find that the indictment, in failing to allege that the appellant "agreed with one or more persons," is fundamentally defective. I do not agree that an allegation that the defendant did conspire and agree "with each other" is tantamount to an allegation that the defendant agreed with one or more persons as is required for a prosecution for criminal conspiracy under § 71.02, TEX. PENAL CODE ANN. (Vernon Supp.1985). In the context of the indictment as drawn herein, I cannot find that the allegation as contained in the indictment with this regard is a matter of form. The indictment herein neither tracks the applicable statute, TEX.PENAL CODE ANN. § 71.01(b) (Vernon Supp.1985), defining criminal conspiracy, nor indicates who "each other" refers to, if anyone. Had the indictment indicated what person or persons this "each other" refers to or charged that "defendant and another conspired or defendant and others

conspired" (as was alleged in *Clayton v. State*, 652 S.W.2d 950 (Tex.Cr.App.1983), cert. denied, —— U.S. —— 104 S.Ct. 719, 79 L.Ed.2d 181 (1984), or even stated that there was a person or persons that defendant agreed and conspired with, then, I could agree with the majority that failure to allege who "each other" were was a matter of form and was therefore waived. However, a statement that a person "agrees with each other," without more, is nonsense; making no sense and meaning nothing, it can hardly allege an essential element of a conspiracy. I would therefore sustain appellant's second ground of error.