Estela **RICHARDSON,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–86–560–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 30, 1988.

Walter J. Pink, Houston, for appellant.

Ben Euresti, County Criminal Dist. Atty.,
Brownsville, for appellee.

Before NYE, C.J., and BENAVIDES
and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

This is an appeal from a jury conviction
for engaging in organized criminal activity,
i.e., the delivery and distribution of mari-
huana in an amount exceeding 200 pounds,
but less than 2,000 pounds. The court as-
sessed punishment at ten years' imprison-
ment, probated. Appellant presents six
points of error for review. After careful
consideration, we have determined the
judgment must be reversed.

By his second point of error, appellant
contends the trial court "abused its discre-
tion in failing to grant [his] Motion for
New Trial" when it discovered that the
indictment had not been read and appel-
lant's plea had not been entered before the
jury.

■ It is well-established that until the
indictment is read and a plea is entered
before the jury, the issue is not joined
between the State and the accused. *Pel-
tier v. State,* 626 S.W.2d 30, 31 (Tex.Crim.
App.1981); Tex.Code Crim.Proc. Ann. art.
36.01 (Vernon Supp.1988). The reading of
the indictment and entering of a plea is

mandatory and the failure of the trial court to do so constitutes reversible error. *Peltier*, 626 S.W.2d at 31; *Gomez v. State*, 730 S.W.2d 144, 146 (Tex.App.—Corpus Christi 1987, pet. ref'd). However, Tex.R.App.P. 80(d) provides that there is a presumption of regularity in the proceedings unless such matters were made an issue in the court below, or there is an affirmative showing to the contrary in the record.

In the case before us, the statement of facts does not reflect a reading of the indictment or the entering of appellant's plea prior to the presentation of evidence.[1] Likewise, the transcript does not contain appellant's written motion for new trial and the court reporter's transcription of the hearing on the motion does not indicate appellant presented this issue to the court. Nonetheless, the record reflects that the error was brought to the attention of the court after the verdict was rendered and the jury was dismissed.

■ Immediately before the punishment hearing, appellant moved for a mistrial pointing out to the court that the indictment had not been read and appellant's plea had not been entered. The trial court overruled appellant's motion. By moving for a mistrial appellant raised the issue to the court below and, therefore, overcame the presumption of regularity. *Sharp v. State*, 707 S.W.2d 611, 616 (Tex.Crim.App. 1986); *Warren v. State*, 693 S.W.2d 414, 416 (Tex.Crim.App.1985). Since the indictment had not been read and appellant's plea had not been entered, the issue was never joined between the State and appellant. Accordingly, we sustain appellant's second point of error.

The appellant also challenges the sufficiency of the evidence. Even though the cause must be reversed because of the above procedural error, it is nevertheless necessary for us to consider appellant's sufficiency challenge. *Garza v. State*, 715 S.W.2d 642 (Tex.Crim.App.1986). In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984).

■ The evidence, viewed in the light most favorable to the verdict, establishes that on June 2, 1986, Jaimie Chavez, an undercover agent for the Brownsville Police Department, met with Louis Guerrero at a local supermarket. Guerrero, unaware of the fact that Chavez was an undercover agent, met with Chavez to negotiate a sale of 500 pounds of marihuana. Chavez was disguised as "Roberto," a supplier of contraband from Vera Cruz, Mexico, who could only speak Spanish. After the meeting, Guerrero and Chavez drove to Los Fresnos and went to a tire shop which was owned by Luckey Richardson, appellant's husband. Chavez testified that when they arrived at the shop, appellant informed them that her husband was not there, but she stated that he would be back soon. Chavez and Guerrero waited at the shop for Luckey to return. According to Chavez, he noticed a beige pickup truck in the parking lot and later identified the three individuals sitting inside the truck as Victor Morris, Sylvia Herrera, and Orphey Wilson.

When Luckey arrived at the tire shop, Chavez, Guerrero, appellant and Luckey negotiated the purchase of five hundred pounds of marihuana. According to Chavez, he was speaking Spanish, Luckey was speaking English, and appellant was translating the entire negotiation.[2] During the negotiation, Chavez showed them a sample of the marihuana, and they agreed on the price, quantity, and delivery of the marihuana. Chavez testified that both Guerrero and Luckey agreed to purchase 250 pounds of marihuana at $375 a pound. Luckey then called Victor into the shop and showed him the sample of marihuana. Sylvia then entered the shop, examined the

---

1. The State, in its brief, concedes that appellant "may" be entitled to a new trial due to this procedural error.

2. The record reflects that Luckey could not speak Spanish.

sample, and stated it was "good weed" and "the price was right."

On June 3rd, the following day, Chavez met with Guerrero, Victor, and Luckey at Guerrero's house in Brownsville. Chavez showed them 250 pounds of marihuana located in the truck of an undercover vehicle. According to Chavez, Victor stated that he would purchase 250 pounds, but that he had to go to Houston to get the money together.

At approximately 9:30 p.m., Chavez returned to Guerrero's house to wait for Victor and Luckey. Luckey, Victor, Sylvia, and Orphey arrived at Guerrero's at approximately 12:15 a.m. According to Chavez, Victor and Luckey got out of the car and showed Chavez approximately $60,000 which was in the trunk of the vehicle. At that point, Chavez called agent Michael Hinojosa, an undercover officer posing as Chavez' driver, and requested the delivery of the marihuana.

Sergeant Victor Rodriguez, in charge of the narcotics division, testified that he had assembled the arrest team on the night of the occurrence. Rodriguez testified that when agent Hinojosa received the phone call from Chavez, he and three other officers hid in the undercover vehicle. When they arrived at Guerrero's house, they arrested everyone.

Appellant, testifying on her own behalf, stated that she never saw any marihuana, she could not speak English, and, therefore, she did not translate or interpret the negotiation.

On appeal, appellant specifically asserts that the evidence did not show (1) that appellant and four or more others collaborated in the offense and (2) that appellant had the requisite intent. Both the indictment and the jury charge alleged that appellant had the:

> intent to participate in a combination of more than four persons who collaborated in carrying on criminal activities, and with the intent to participate in the profits of such combination, did commit an unlawful act, to wit: *THE DELIVERY AND DISTRIBUTION OF MARIJUANA IN AN AMOUNT EXCEEDING 200*

*POUNDS BUT LESS THAN 2000 POUNDS.*

Tex.Penal Code Ann. § 71.02(a)(5) (Vernon Supp.1988) provides that a person commits an offense of engaging in organized criminal activity if:

> with the intent to establish, maintain, or participate in a combination or the profits of a combination, *he commits or conspires to commit* one or more of the following ... unlawful manufacture, delivery dispensation, or distributing of a controlled substance or a dangerous drug ... (emphasis ours).

Combination is defined as five or more persons who collaborate in carrying on criminal activities. Tex.Penal Code Ann. § 71.01 (Vernon Supp.1988). The statute fails to define "collaboration;" however, in *Abbett v. State*, 694 S.W.2d 534, 541 (Tex. App.—Corpus Christi 1984, pet. granted), this Court held that the ordinary meaning of "collaborating" is that of working together with a specified number of others in specified criminal activities. *See also Barber v. State*, No. 512–84, —— S.W.2d —— (Tex.Crim.App.1988) (not yet reported).

The *mens rea* required in the instant case is the intent to participate in a combination of more than four persons and the intent to participate in the profits of such combination. Thus, the intent elements require that the appellant know of the criminal activity of the group. *Nickerson v. State*, 686 S.W.2d 294, 297 (Tex.App.— Houston [14th Dist.] 1985, pet. ref'd); *Lucario v. State*, 677 S.W.2d 693, 698 (Tex. App. [1st Dist.] 1984).

After reviewing the record, we find that a rational trier of fact could have found the appellant and four others collaborated in carrying on a criminal activity and that appellant had the requisite intent. However, we find unassigned error which should be reviewed in the interest of justice that is dispositive of this appeal. *See Perry v. State*, 703 S.W.2d 668, 670 (Tex.Crim. App.1986); *Carter v. State*, 656 S.W.2d 468 (Tex.Crim.App.1983); *Barbee v. State*, 432 S.W.2d 78, 81 (Tex.Crim.App.1968), *cert. denied*, 395 U.S. 924, 89 S.Ct. 1779, 23

L.Ed.2d 241 (1969). We find that the State wholly failed to put on evidence that appellant *did commit* the unlawful act of the delivery and distribution of marihuana as alleged in the indictment and the jury charge.

The Controlled Substances Act defines delivery and distribution as "the actual or constructive transfer from one person to another of a controlled substance ... whether or not there is an agency relationship. For the purposes of this Act, it also includes an offer to sell a controlled substance...." *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 1.02(7) and (12) (Vernon Supp.1988).

The State, in its brief, alleges that they only had to show appellant and four others intended to participate in the profits "received from the delivery and distribution" of the marihuana. We disagree. Appellant was not charged with conspiring to deliver and distribute the marihuana, but that she did in fact deliver and distribute the marihuana.

· The evidence adduced at trial merely shows that appellant, Victor, Sylvia, Guerrero, and Luckey all negotiated and agreed to participate in the purchase of marihuana. There is no evidence that appellant (or any members of the combination) offered to sell the marihuana, or actually or constructively delivered the contraband to anyone. Since the evidence does not conform to the charge that was given, and it fails to support an essential element of the indictment, it was insufficient as a matter of law to support the verdict. *Boozer v. State*, 717 S.W.2d 608, 610–11 (Tex.Crim.App.1984).

Accordingly, we reverse the judgment and remand to the trial court for an entry of an acquittal.