1990, no pet.); *State v. Carr*, 774 S.W.2d 379, 380 (Tex.App.—Austin 1989, no pet.).

The STATE of Texas, State,

v.

Julie Lynne HORSTMAN, Appellee.

No. 2-91-141-CR.

Court of Appeals of Texas,
Fort Worth.

April 29, 1992.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Asst. Dist. Atty., Charles M. Mallin, David Montague, Jana Allison, Assts., Fort Worth, for appellant.

Edward J. Fitzmaurice, Jr., Dallas, for appellee.

Before HILL, MEYERS and DAY, JJ.

## OPINION

DAY, Justice.

The State brought this appeal from the trial court's dismissal of an indictment against Julie Lynne Horstman. *See* TEX. CODE CRIM.PROC.ANN. art. 44.01(a)(1) (Vernon Supp.1992). Horstman was charged with engaging in organized criminal activity pursuant to TEX. PENAL CODE ANN. § 71.-02(a)(3) (Vernon 1989). The indictment was returned on May 8, 1986. Horstman moved that the indictment be quashed for failure to set out all the essential elements of the offense, specifically, that it did not include an allegation of some overt act committed in furtherance of the combination, and that it failed to name the other members of the combination. The trial court dismissed the indictment on the grounds that the indictment failed to allege all the essential acts necessary to charge an offense, and that the indictment does not state facts sufficient to constitute an offense against the laws of the State of Texas. The State brings this appeal.

In its first point of error, the State complains that the trial court erred in dismissing the indictment on the basis that it failed to allege all the essential elements to constitute organized criminal activity.

When considering a motion to quash, it is insufficient to say the accused knew with what offense he was charged; rather, the question presented is whether the face of the indictment sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *McManus v. State*, 591 S.W.2d 505, 506 (Tex.Crim.App.1979); *Haecker v. State*, 571 S.W.2d 920, 921 (Tex. Crim.App. [Panel Op.] 1978). The motion to quash should be granted where the language in the charging instrument concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. *Id.* While all essential elements of an offense must be alleged in the indictment, an indictment drafted in the language of the statute creating and defining an offense is ordinarily sufficient. *Beck v. State*, 682 S.W.2d 550, 554 (Tex.Crim.App. 1985). Although an indictment which tracks the language and terms of the statute is ordinarily sufficient, if the statutory language is not completely descriptive so

that particularity is required to afford the defendant notice as required, merely tracking the language of the statute may be insufficient. *Terry v. State*, 471 S.W.2d 848 (Tex.Crim.App.1971).

Usually, when the terms and elements in the indictment are statutorily defined, the definitions are essentially evidentiary and need not be alleged in the indictment. *Thomas v. State*, 621 S.W.2d 158 (Tex.Crim.App. [Panel Op.] 1980). Thus, unless a fact is essential for notice to the accused, the indictment need not plead the evidence relied upon by the State. *Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App. 1988); *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App. [Panel Op.] 1980).

In *Clayton v. State*, 652 S.W.2d 950, 955–56 (Tex.Crim.App.1983) (en banc), *cert. denied*, 464 U.S. 1046, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984), the court stated that an indictment, which alleged that defendants and named others were members of a criminal combination, and which set out sixteen separate acts done in furtherance of the combination, was sufficient to allege the offense of "organized criminal activity" pursuant to TEX. PENAL CODE ANN. § 71.-02(a)(3).

The only mental element expressly provided by section 71.02 is "with the intent to establish, maintain, or participate in a combination or in the profits of a combination." TEX. PENAL CODE ANN. § 71.-02(a) (Vernon 1989). It is clear that these intended results are not essential to the commission of the offense charged, for there is no required result element of the offense. If an indictment alleges each element of the offense charged in section 71.-02, it is sufficient to support convictions obtained thereon. *Id.*

In this case, the indictment is defective for two reasons: first, it fails to name any other members of the combination, and second, it fails to set forth at least one overt act committed by Horstman in furtherance of the combination.

In *Abbett v. State*, 694 S.W.2d 534, 540–41 (Tex.App.—Corpus Christi 1984, pet. dism'd), the court held that the failure of an indictment to include the defendant's name in the list of persons alleged to have performed an overt act in furtherance of the combination, renders the indictment fundamentally defective.

Likewise, in *Chambless v. State*, 748 S.W.2d 251, 253 (Tex.App.—Tyler 1988, no pet.), the court held that an indictment which alleged that defendant and named others conspired to commit the offense of delivery of methamphetamine and which laid out several overt acts, but which failed to allege that the appellant performed some overt act, not in furtherance of the conspiracy, but *in furtherance of the combination*, renders the indictment fundamentally defective.

Although the State is correct in identifying *Chambless* and *Abbett* as "conspiracy to commit" cases, this is not sufficiently distinguishing. In both cases, the courts were speaking of the failure to commit an overt act in furtherance of the *combination*, not in furtherance of the underlying conspiracy. We recognize, as did the Court of Criminal Appeals in *Clayton*, 652 S.W.2d at 955 n. 2, the similarities between the organized crime statute and the general conspiracy statute. Just as an overt act is an element of the offense of conspiracy, it is an element of the offense of engaging in organized criminal activity. To commit the offense of engaging in organized criminal activity, the accused must perform some overt act in pursuance of that agreement. An indictment simply does not charge the offense of engaging in organized criminal activity unless (1) some overt act performed by the appellant and (2) two or more other members of the combination are named. These are essential elements of the offense which are missing in this case, rendering the indictment fundamentally defective. *Abbett*, 694 S.W.2d at 540–41. We follow the *Abbett* court in holding that an allegation that Horstman committed an overt act is an essential element of an offense under section 71.02 and that the omission of said allegation renders the indictment void. Point of error one is overruled. *See also*, M. MCCORMICK & T. BLACK-

WELL, TEXAS CRIMINAL FORMS AND TRIAL MANUAL § 22.02 (Texas Practice 1991).

In point of error two, the State urges that the trial court erred in dismissing the indictment on the basis that it did not track the statutory language and did not state facts sufficient to constitute an offense. The State urges that since the indictment alleged *some* offense, namely the offense of aggravated promotion of prostitution, the indictment should not have been quashed. *See* TEX. PENAL CODE ANN. § 43.04 (Vernon 1989). The State cites *Whetstone v. State*, 786 S.W.2d 361 (Tex. Crim.App.1990); *Ex parte Eldridge*, 572 S.W.2d 716 (Tex.Crim.App. [Panel Op.] 1978); and *Suarez v. State*, 532 S.W.2d 602 (Tex.Crim.App.1976) as support for this contention. We need not reach this contention for two reasons.

First, this indictment is not sufficient to charge the offense of aggravated promotion of prostitution. In *McCall v. State*, 780 S.W.2d 855, 857 (Tex.App.— Houston [14th Dist.] 1989, pet. ref'd), the court held that, as establishing the use of two or more prostitutes is a necessary element of the offense, the inclusion of the names of two or more prostitutes is legally essential to charge a crime. As the indictment in this case, unlike the companion case of *State v. Duke*, No. 02–91–139–CR, does *not* name two prostitutes other than the accused, we hold that the indictment is not sufficient to charge the target offense. The trial court properly quashed the indictment.

Secondly, we hold that an appellate court is not under a duty to see if a defective indictment is sufficient to charge some other, unintended offense. The State's objection to the trial court's ruling, as reflected in the record before this court, is that the "indictment[s] is [are] sufficient to allege both the organized crime [sic] and the offense of aggravated promotion of prostitution." Nowhere did the State suggest to the trial court that there was a duty to excise the organized crime language in order to find if the indictment stated some remaining offense. An appellant's complaint on appeal must comport with the objection raised in the trial court. As the trial court was effectively denied the opportunity to consider this argument, we hold that the State cannot present it to this court on appeal. *See Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App.1985); *Nethery v. State*, 692 S.W.2d 686, 710 (Tex. Crim.App.1985); *Cravens v. State*, 687 S.W.2d 748, 752 (Tex.Crim.App.1985).

Moreover, even if the State did preserve this error, we find that the cases cited by the State are not compelling authority on this point. Both *Suarez* and *Eldridge* were decided before the State had a right to amend a defective indictment, much less appeal from the quashing of such an indictment. The only right the State had after a trial court quashed an indictment was to seek a reindictment. Now, the State could have sought to amend this indictment after the trial court found it defective.

The final case cited by the State, *Whetstone*, arises out of an entirely different legal and factual situation. Whetstone sought to challenge indictments to which he had pled guilty. *Whetstone*, 786 S.W.2d at 362. The Dallas Court of Appeals agreed with Whetstone that the indictments did not charge the offense for which the appellant was convicted—namely theft. However, the Court of Criminal Appeals did *not* hold, as the State urges, that an indictment which is fundamentally defective to charge the target offense may still be sufficient to charge some other offense. Instead, the court held that the indictments in question were not fundamentally defective, and they did charge the target offense. *Id.* at 364. We are unwilling to accept the construction that the State urges of these cases, and hold that when an indictment does not charge the offense sought to be charged, an appellate court does not have a duty to see if that indictment charges some other offense.

The judgment of the trial court is affirmed.