Opinion Issued May 5, 2005








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00282-CR




KEITH ANDRE MANUEL, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 956031




MEMORANDUM OPINION
          A jury found appellant, Keith Andre Manuel, guilty of felony assault upon a
family member and assessed his punishment at four years in prison. See Tex. Pen.
Code Ann. § 22.01(a)(1)(2), (b)(2) (Vernon Supp. 2004-2005). We determine (1)
whether the trial court erred in proceeding to trial on a felony case and (2) whether
the evidence was legally and factually sufficient to support appellant’s conviction. 
We affirm. 
Background
          On July 18, 2003, the complainant, Deborah Finkelstein, took appellant to
Cabo’s, a restaurant and bar. Some time after the complainant had dropped appellant
off at the restaurant, appellant telephoned her to ask that she come and pick him up. 
Initially, the complainant did not answer appellant’s telephone calls. However,
finally, she answered and reluctantly agreed to pick up appellant. 
          When the complainant arrived at Cabo’s, she picked up appellant, who was
extremely irritated with her because she had not answered her phone and come to get
him right away. The complainant wanted to go home, but appellant grabbed the
steering wheel of the vehicle and pointed it in another direction because he wanted
to go somewhere else. At one point, the complainant became frightened and pulled
over to the side of the highway and got out of the vehicle. However, appellant
dragged the complainant back to the car and threw her onto the passenger seat. 
Appellant then began driving. The complainant attempted to placate appellant, but
appellant told the complainant that he was going to take her where no one would find
her. Appellant repeatedly slapped and punched the complainant in her head, throat,
and upper body. Appellant then exited the highway, stopped the vehicle, pulled the
complainant out of the vehicle, and threw her to the ground. Appellant was yelling
at the complainant, who was on the ground, when police officers arrived and arrested
him. 
Reading of the Indictment
          In his first and second points of error, appellant contends that because the State
failed to arraign appellant on the second paragraph of the indictment alleging a prior
assault upon a family member, the trial court erred in allowing him to be tried and
convicted by the jury of a felony offense. 
          The reading of the indictment is mandatory. Tex. Code Crim. Proc. Ann. art.
36.01(a)(1) (Vernon Supp. 2004-2005); Warren v. State, 693 S.W.2d 414, 415 (Tex.
Crim. App. 1985). The rationale for the rule is to inform the accused of the charges
against him and to inform the jury of the exact terms of the particular charge against
the accused. Warren, 693 S.W.2d at 415. Until the indictment is read and a plea is
entered, the issue is not joined between the State and the accused before the jury. 
Peltier v. State, 626 S.W.2d 30, 31 (Tex. Crim. App. 1981); Richardson v. State, 763
S.W.2d 594, 594-95 (Tex. App.—Corpus Christi 1988, no writ).
          Error that results from not reading the indictment and not entering a plea can
be cured at trial. Warren, 693 S.W.2d at 416. The correct procedure to be followed
after a tardy reading of the indictment and the entering of a plea has been long
established: either (1) upon discovery of the error, the indictment is read to the jury,
the accused enters a plea, and the State reintroduces the evidence or (2) the parties
may stipulate to the evidence. Id.; Welch v. State, 645 S.W.2d 284, 285 (Tex. Crim.
App. 1983); Trammell v. State, 445 S.W.2d 190, 193-94 (Tex. Crim. App. 1969). 
When either procedure is used, the issue is joined, and a trial on the issue may be
held.
          A set of facts similar to those in the present case were present in Castillo v.
State, 530 S.W.2d 952 (Tex. Crim. App. 1976). In Castillo, after the State’s chief
witness had testified, the trial court learned that the indictment had not been read and
that the accused had not entered his plea. The trial court permitted the State to read
the indictment, to which the accused entered his plea. Defense counsel objected to
the reading of the indictment on the ground that it was being read to the jury after the
jury had been impaneled and had heard evidence. Defense counsel also moved for
a mistrial, which the trial court overruled. The defendant was found guilty and
appealed. The Court of Criminal Appeals stated that after the indictment was read
and the accused pleaded thereto, “[i]t was incumbent on the State to re-introduce the
testimony. . . unless the defendant stipulated to the evidence. In the case before us
there was no such stipulation by the appellant.” Castillo, 530 S.W.2d at 954. The
Court further stated, “However, in the absence of an objection directing the court to
the correct procedure, we hold that the error was not preserved, under the
circumstances here presented.” Id.

          In the present case, the State arraigned appellant on the first paragraph of the
indictment at the beginning of trial. Appellant entered a plea of not guilty. However,
the State failed to read the second paragraph of the indictment, a jurisdictional
paragraph alleging that appellant had previously been convicted of assault against a
family member. At the end of the trial, after the State had rested, appellant objected
to the proposed jury charge on the basis that he had never been arraigned on the
second paragraph of the indictment. Appellant contended that the State had thus
abandoned the allegations in the second paragraph. The trial court asked appellant,
“What’s your remedy?” Appellant responded that the jury should be charged only on
the misdemeanor crime of assault. The trial court overruled appellant’s objection. 
          Although defense counsel objected to the State’s not having read the second
paragraph of the indictment, he did not direct the trial court to the correct procedure
to be followed after a tardy reading of the indictment. See Warren, 693 S.W.2d at
416. Defense counsel did not ask that the indictment be read, that appellant be able
to enter a plea, and that the evidence introduced before the plea be reintroduced or
stipulated to by appellant. In fact, when the trial court asked defense counsel if he
wished for appellant to be arraigned on the second paragraph at that time, defense
counsel responded, “Do I want—certainly not Your Honor. I’m not asking that he be
arraigned. I’m telling The Court that in my opinion it’s too late to arraign him. . . .”
 

          We conclude that the error was not preserved in the absence of an objection
directing the court to the correct procedure. Castillo, 530 S.W.2d at 954; see also
Limon v. State, 838 S.W.2d 767 (Tex. App.—Corpus Christi 1992, writ ref’d). 
          We overrule appellant’s first and second points of error. Legal and Factual Sufficiency
          In his third through sixth points of error, appellant contends that the evidence
is legally and factually insufficient to support his conviction because the State failed
to prove that the complainant and appellant were part of the same household and that
appellant’s prior conviction for assault had been against a family member. 
          In a legal-sufficiency review, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In reviewing a factual-sufficiency challenge, we ask “whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.” Johnson, 23 S.W.3d at 11. The factual-sufficiency standard “acknowledges
that evidence of guilt can ‘preponderate’ in favor of conviction but still be
insufficient to prove the elements of the crime beyond a reasonable doubt.” Zuniga
v. State, 144 S.W.3d 477, 485 (Tex. Crim. App. 2004). The appellate court should
not substitute its own judgment for that of the fact finder. Jones v. State, 944 S.W.2d
642, 648 (Tex. Crim. App. 1996). The fact finder is entitled to believe all, some, or
none of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986). 
              To prove the felony offense of assault on a family member, the State must show
that a person intentionally, knowingly, or recklessly caused bodily injury to another
family member and that the defendant had previously been convicted of assault
against a member of the defendant’s family or household. Tex. Penal Code Ann.
§ 22.01(a)(1), (b)(2). Under this section, “household” means a unit comprised of
persons living together in the same dwelling, without regard to whether they are
related to each other. See Tex. Penal Code Ann. § 22.01(e); see also Tex. Fam.
Code Ann. § 71.005 (Vernon 2002). 
A.      Assault Upon Member of Household
          In his third and fourth points of error, appellant contends that the evidence is
legally and factually insufficient to show that he and the complainant were members
of the same household at the time of the assault. Because appellant’s name did not
appear on the complainant’s lease and appellant’s wife and mother testified that
appellant lived with his mother, appellant contends that the evidence was insufficient
to show that he and the complainant were members of the same household. Appellant
asserts that the testimony of his wife and mother conflicts with the complainant’s
testimony that she and appellant lived together in her townhouse.
          The complainant testified that appellant resided with her in her townhouse. 
She stated that appellant brought all of his possessions into her home and lived there
and that he slept, woke, ate, and returned home to her townhouse every evening. The
complainant stated that appellant was not a signor on her lease because, when
appellant moved in, her lease was not up for renewal and it remained solely in her
name. 
          Officer Jacob Rivera of the Houston Police Department corroborated the
complainant’s testimony that appellant lived with the complainant in her townhome. 
On July 31, 2002, Officer Rivera was called to the complainant’s townhome and
encountered appellant there. While conversing with Officer Rivera, appellant
indicated that he had resided at the residence for approximately three months with the
complainant. Appellant told Officer Rivera that he had a wife, but that he had left her
and moved in with the complainant. 
          Although appellant’s wife and mother testified that appellant lived with his
mother at the time of the assault, the fact finder, as the sole judge of the weight and
credibility of the witness testimony, could disbelieve any or all of the testimony
proffered and weigh the evidence in the manner that it chose. See Bruno v. State, 922
S.W.2d 292, 293 (Tex. App.—Amarillo 1996, no writ). The above facts are sufficient
to show that appellant and the complainant were members of the same household. 
We hold that the evidence is legally and factually sufficient to show that appellant
and the complainant were family members. See Tex. Penal Code Ann. § 22.01.
          We overrule appellant’s third and fourth points of error. 
B.      Prior Conviction for Assault
          In his fifth and sixth points of error, appellant contends that the evidence is
legally and factually insufficient to support his conviction for felony assault. He
contends that the State failed to prove that his prior conviction for assault was against
a family member because the judgment did not contain an affirmative finding on
family violence as required by Code of Criminal Procedure article 42.013. Tex.
Code Crim. Proc. art. 42.013 (Vernon Supp. 2004-2005).
          Contrary to appellant’s assertions, the law does not require that an
enhancement alleging a conviction for assaulting a family member be proved solely
by a judgment that contains an affirmative finding of family violence. See State v.
Eakins, 71 S.W.3d 443, 445 (Tex. App.—Austin 2002, no pet.). Such an
enhancement can be proved, as it was here, through extrinsic evidence, such as
testimony of a witness to the family assault. See id.
          At trial, the State presented extrinsic evidence to prove that appellant’s prior
conviction resulted from a family assault. Appellant’s wife testified that appellant
had been convicted of assaulting her and that they were married, living together, and
had children at the time of the assault. Even though the judgment for the
enhancement conviction did not include an affirmative finding of family violence, the
State properly used extrinsic evidence to prove the prior conviction of family assault. 
See id. We hold that the evidence was legally and factually sufficient to prove that
appellant’s prior conviction for assault was upon a family member.
          We overrule appellant’s fifth and sixth points of error. Conclusion
          We affirm the judgment of the trial court. 
 
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).