**John CHAMBLESS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12-85-00287-CR.**

Court of Appeals of Texas, Tyler.

Feb. 18, 1988.

Rehearing Denied March 22, 1988.

Barry Elliott, Mabank, for appellant.

Billy M. Bandy, Dist. Atty., Athens, for appellee.

SUMMERS, Chief Justice.

Appellant John Chambless appeals from a conviction by a jury for the offense of engaging in organized criminal activity. Tex. Penal Code Ann. § 71.02 (Vernon Supp.1987).[1] His punishment was assessed by the court at thirty years' confinement.

We reverse and dismiss the indictment.

On November 23, 1984, two search warrants were executed by police officers upon a mobile trailer home and a house located on a farm in the Sardis community of Cherokee County. Both warrants were ultimately determined to be invalid, and the trial court ruled that evidence seized from the buildings was inadmissible. While the search of the buildings was underway, Michael Clark, a/k/a James Monroe, drove up to the farm and parked his car on a public roadway next to the trailer house. Officers nearby observed a partially smoked marijuana cigarette in the front seat of Clark's car. Thereafter, the officers searched the car and found methamphetamine in the trunk. Further investigation by the officers indicated that Chambless and eleven others were selling methamphetamines and other illegal drugs from the Sardis farm. Chambless was indicted under section 71.02(a)(5)[2] of the Penal Code with entering into an unlawful combination, consisting of himself and eleven others, which conspired to commit the offense of unlawful delivery of a controlled substance, to wit: methamphetamine, and in furtherance of said agreement performed four overt acts.

The indictment alleges in pertinent part as follows:

... [T]hat JOHN CHAMBLESS on or about the 1st day of July, 1984, and continuing through on or about the 25th day of March 1985, A.D., ... in said County and State, ... did then and there enter into an unlawful COMBINATION which included among its members, BILL BANKS: JOHN CHAMNESS [sic]; MICHAEL CLARK, ALSO KNOWN AS,

---

1. This and all other statutory references are to Tex. Penal Code Ann. (Vernon Supp.1987) unless otherwise noted.

2. Section 71.02 of the Penal Code provides in relevant part:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more of the following:
....
(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance....
....
(c) Conspiring to commit an offense under this section is of the same degree as the most serious offense listed in subdivisions (1) through (7) of Subsection (a) of this section that the person conspired to commit.

Section 71.01 provides:
In this chapter,
(a) 'Combination' means five or more persons who collaborate in carrying on criminal activities, although:
(1) participants may not know each other's identity;
(2) membership in the combination may change from time to time; and
(3) participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.
(b) 'Conspires to commit' means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement. An agreement constituting conspiring to commit may be inferred from the acts of the parties.

JAMES MONROE: HERSHELL SIDES: PAM WILCOX: BRYAN RUTH, KAREN DOMSON: KIM TIDROW GRAMMER: JOANN BANKS: JAMES BAIN: BETH BIVENS, AND DARLENE LUNSFORD: hereinafter styled 'members,' which said COMBINATION was established, maintained and operated by said members to deliver a controlled substance, to-wit: methamphetamine in a continuing course of conduct which included the period beginning on or about July 1, 1984 and concluding on or about March 25, 1985; and ... that JOHN CHAMBLESS hereinafter styled the Defendant did unlawfully with intent to maintain and participate in said COMBINATION and then and there in Cherokee County, Texas, on or about July 1, 1984 and continuing until on or about *March 25, 1985* ... in said County and State did then and there, with the intent to establish, maintain and participate in a combination and conspire to commit the offense of unlawful delivery of a controlled substance, listed in Penalty Group I namely methamphetamine, and in pursuant of such agreement, and in furtherance thereof, the said Defendants[3] performed overt acts as follows, to-wit:

> (1) On or about July 1, 1984, in Cherokee County, Bill Banks delivered a substance to Beth Bivens which the said Bill Banks represented to be methamphetamine;
>
> (2) On or about November 16, 1984, in Cherokee County, Texas, Bill Banks met with Michael Clark, also known as, James Monroe;
>
> (3) On or about November 16, 1984, in Cherokee County, Texas, Hershel Sides delivered a controlled substance, to-wit: methamphetamine to Mike Burton;
>
> (4) On or about November 23, 1984, in Cherokee County, Texas, Michael Clark, also known as, James Monroe, did knowingly possess a controlled substance, to-wit: methamphetamine, in a motor vehicle which was located at

or near residences to which Bill Banks had access or actually resided.

....

In his first point of error Chambless asserts that the indictment is fundamentally defective because it fails to allege that Chambless specifically performed some described overt act. We agree. As the Corpus Christi Court of Appeals stated in *Abbett v. State*, 694 S.W.2d 534, 538 (Tex.App. 1984, no pet.) "[f]ailure to allege that *appellant* performed an overt act renders the indictment fundamentally defective."

In the instant case, the indictment states "said Defendants performed overt acts as follows, to-wit: ..." and then lists four acts, none of which are alleged to have been performed by Chambless, but instead allegedly were performed by other members of the combination. The State failed to allege in the indictment that Chambless performed an overt act. We conclude that an allegation that the appellant committed an overt act is an essential element of an offense under section 71.02 and that the omission of said allegation from the indictment constitutes fundamental error.

We reverse the judgment of the trial court and dismiss the indictment.

---

**3.** The record reflects that the same grand jury indicted James Bain; Bill Banks; Michael Clark, a/k/a James Monroe; and Hershel Sides for the offense of organized crime.