The STATE of Texas, Appellant,

v.

Tracy Christine DUKE and Julie Lynn Horstman, Appellees.

Nos. 725–92, 726–92.

Court of Criminal Appeals of Texas, En Banc.

Nov. 10, 1993.

Scott M. Anderson, Dallas, for Duke.

Edward J. Fitzmaurice, Jr., Dallas, for Horstman.

Tim Curry, Dist. Atty., and Betty Marshall and Charles M. Mallin, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

WHITE, Judge.

The State charged appellees with engaging in organized criminal activity pursuant to V.T.C.A. Penal Code, § 71.02(a)(3). Both sought to have the indictments quashed because they did not allege an overt act committed in furtherance of the combination and did not name the other members of the combination. The trial court granted each motion and the State appealed pursuant to Article 44.01(a)(1), V.A.C.C.P. The Court of Appeals affirmed. *State v. Duke*, No. 2–91–139–CR (Tex.App.—Fort Worth, delivered April 1, 1992) (opinion on State's motion for rehearing); *State v. Horstman*, 829 S.W.2d 903 (Tex.App.—Fort Worth 1992). We granted the State's petitions for discretionary review in both cases to determine (1) if an allegation of an overt act committed by the defendant is required within the indictment and, if so, whether such requirement is satisfied by an allegation that the defendant committed the object offense of aggravated promotion of prostitution with intent to establish, maintain or participate in a combination of its profits; (2) whether an organized criminal activity indictment must allege, as an element of the offense, the names of the other members of the combination; and, (3) whether the indictments sufficiently alleged aggravated promotion of prostitution. We also granted review in *Horstman* to determine if the offense of aggravated promotion of prostitution requires the prostitution enterprise to be composed of at least two prostitutes other than the defendant.

The offense of engaging in organized criminal activity in set forth in § 71.02. As relevant to the instant proceeding, § 71.02(a)(3) states:

(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a

combination or as a member of a criminal street gang, he commits or conspires to commit one or more of the following:

\*        \*        \*        \*        \*        \*

(3) promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution;

The aggravated promotion of prostitution statute, V.T.C.A. Penal Code, § 43.04, in pertinent part, states:

(a) A person commits an offense if he knowingly owns, invests in, finances, controls, supervises, or manages a prostitution enterprise that uses two or more prostitutes.

The indictments in both cases are substantially the same and allege that the named defendant did "then and there with the intent to establish, maintain and participate in a combination and the profits of a combination, knowingly own, invest in, finance, control, supervise, and manage a prostitution enterprise that used at least two prostitutes, to-wit: Leslie Swenson and Julie Horstman. . . ." The Court of Appeals, relying on *Abbett v. State*, 694 S.W.2d 534 (Tex.App.—Corpus Christi 1984, pet. dism'd), and *Chambless v. State*, 748 S.W.2d 251 (Tex.App.—Tyler 1988, no pet.), held the indictments were defective because they failed to name any other members of the combination and because the indictments failed to set out at least one overt act committed by the respective defendant in furtherance of the combination. *Abbett* and *Chambless* were cases in which the indictments charged that the defendants had conspired to commit certain illegal acts. The indictments in the instant cause charged that the defendants had *committed* the illegal acts. For that reason, *Abbett* and *Chambless* are distinguishable.

■■■ For an indictment to be sufficient in a prosecution under § 71.02(a)(3), for engaging in organized criminal activity by committing aggravated promotion of prostitution, all that is required is that it allege that (1) the defendant committed one of the six acts prohibited by § 43.04(a), and (2) that he or she have done so **with the intent to establish, maintain, or participate in a combi-**

nation or in the profits of a combination or as a member of a criminal street gang. There is no requirement that the indictment allege an additional overt act. As the instant indictment alleged that the defendants owned, invested in, financed, controlled, supervised and managed a prostitution enterprise, the indictment sufficiently alleged an offense under § 71.02(a)(3). The State's first ground for review is, therefore, sustained.

■ The Court of Appeals also held that an indictment alleging an offense under § 71.02 is required to name two or more other members of the combination. The definition of combination for use in Chapter 71 prosecution is:

(a) "Combination" means three or more persons who collaborate in carrying on criminal activities, although:

(1) participants may not know each other's identity;

(2) membership in the combination may change from time to time; and

(3) participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

V.T.C.A. Penal Code, § 71.01(a)(1)–(3). In finding a requirement for naming other members of the combination the Court of Appeals relied on *Abbett*. Once again, *Abbett* was a case involving a prosecution for conspiring to commit an enumerated offense rather than actually committing it. Thus the definition of "conspires to commit," which requires the performance of an overt act by the named defendant and one or more of the other members of the combination, is controlling. Such definition may well require the naming of the members of the combination in such cases. However, the definition plainly does not apply to cases involving an allegation of an actual commission of such enumerated offense. While the names of the members of the combination may be required as an evidentiary matter, their omission from the indictment does not render such defec-

tive. See *Fee v. State*, 841 S.W.2d 392 (Tex. Cr.App.1992).

■ Lastly, we granted the State's petition in *Horstman* to decide whether an indictment alleging aggravated promotion of prostitution requires an allegation of the requisite number of prostitutes without inclusion of the defendant. In reaching its conclusion that the defendant may not be alleged as one of the prostitutes in reaching the two required, the court relied on *McCall v. State*, 780 S.W.2d 855 (Tex.App.—Houston [14th], 1989, pet. ref'd), which is inapposite.[1]

The elements of aggravated promotion of prostitution are (1) a person; (2) knowingly owns, invests, finances, controls, supervises, or manages; (3) a prostitution enterprise; (4) that uses two or more prostitutes. *Chance v. State*, 563 S.W.2d 812, 814 (Tex.Cr.App.1978) (opinion on rehearing). There is no statutory requirement that one who commits aggravated promotion of prostitution uses two **other** prostitutes—only that he or she use two prostitutes. Therefore, since the statute is clear in requiring only that a minimum of two prostitutes be used and places no restrictions on who those two must be, we hold that a defendant may be included as one of the two or more prostitutes required for prosecution under the statute.

The judgments of the Court of Appeals and the trial court are reversed and the causes remanded to the trial court.

CLINTON, OVERSTREET and MALONEY, JJ., concur in the result.

MILLER and MEYERS, JJ., not participating.

---

**1.** The Court of Appeals construed *McCall* to hold that it is necessary to include the names of two or more prostitutes within an aggravated promotion of prostitution indictment. *Horstman*, 829 S.W.2d at 906. However *McCall* merely held that because the indictment had alleged the names of two people as prostitutes, the State was bound to prove the two people were prostitutes and did not address what was required in an aggravated promotion of prostitution indictment.