# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00546-CR

**Warren Andrew Confer, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT NO. 02-677-K368, HONORABLE BURT CARNES, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Warren Andrew Confer guilty of engaging in organized criminal activity and assessed punishment, enhanced by a previous felony conviction, at life imprisonment and a $10,000 fine. *See* Tex. Pen. Code Ann. § 71.02 (West Supp. 2004-05). Confer asserts that the evidence is legally and factually insufficient to sustain the guilty verdict. He also complains that the indictment should have been quashed, and that the jury charge lacked defensive instructions to which he was entitled and authorized his conviction on a theory of the offense not alleged in the indictment. We will overrule these contentions and affirm the conviction.

Around 3:00 a.m. on July 22, 2002, law enforcement officers responded to reports of gunfire and a high speed automobile chase in a Georgetown residential neighborhood. Officers set up a roadblock and stopped the two speeding vehicles: a white Chevrolet pickup truck driven and solely occupied by Kimela Trump, and a red Mazda driven and solely occupied by Shawn Forrest.

Forrest, who was bleeding from an injury on his hand, told officers that someone in the white truck had been shooting at him. Numerous bullet holes were found in the front and side of the Mazda. There were no bullet holes in the Chevrolet pickup truck.

Forrest testified that a man he did not know came to the door of his apartment at about 2:00 a.m. on the night in question and asked for "James." Forrest told the man "there is no James here" and ordered him to leave. As the man walked away, Forrest noticed figures moving about in the dark, one of whom ran to a pickup truck parked in a neighboring parking lot. Forrest left his apartment, got into his car, and drove toward the suspicious pickup. He could see a figure inside the pickup, but was unable to tell if it was male or female. The pickup truck left the parking lot and began to drive away, followed by Forrest. Suddenly, the truck stopped and a figure at the side of the street stepped into the light with an arm extended. Gunshots rang out, and Forrest ducked down in his car. He heard bullets striking his vehicle and felt something graze his hand. After the shooting stopped, the pickup sped away. Forrest gave pursuit, chasing the pickup through the neighborhood until both vehicles were stopped at the police roadblock.

Forrest recognized Trump when she got out of the pickup at the roadblock. She was, he said, the girlfriend of David Maynard, a leader of the Aryan Brotherhood of Texas, a prison-based gang. Forrest acknowledged being a member of the group. He testified that earlier that year he had refused to obey Maynard's order to transport a load of methamphetamine.

While officers dealt with Forrest and Trump at the roadblock, other officers began searching the area where the shots had been fired. Reports had been received of a person or persons running through yards in that neighborhood. One person the officers were looking for was Shane Saunders, whose driver's license had been found in the white pickup. At 7:00 a.m., Saunders and

2

Confer were found walking in the suspect area and were taken into custody. Both men were perspiring heavily and covered with dirt and grass burrs.

Confer gave several statements to the police. He admitted membership in the Aryan Brotherhood and ownership of the white Chevrolet pickup truck. He said that Maynard, in a series of telephone calls, had ordered him to collect $800 from Forrest. The jury heard recordings of these telephone calls, made by Maynard from the Travis County jail.[1] On July 22, Confer drove to Forrest's apartment, accompanied by Trump, Shane Saunders, and Matthew Cox. Saunders was a member of the Aryan Brotherhood, while Cox had the status of an associate or probationary member. Confer outranked both Saunders and Cox in the organization. Confer knew that Trump, Saunders, and Cox were armed, but he denied having a weapon himself. Confer said he sent Saunders and Cox to Forrest's door to ask for "Shawn." Confer said that he was standing in the parking lot as Forrest left his apartment, got into his Mazda, and followed Trump when she drove away in Confer's truck. Confer told the police that he saw Saunders and Cox shoot at Forrest's Mazda. Confer denied firing any shots that night, saying that he "jumped down" in the grass when the shooting started.

The shipping carton and instruction manual for a 9 mm. Taurus handgun were found in a tool box in Confer's pickup truck. The serial number on the box matched the serial number on a 9 mm. Taurus found in January 2003 in a trash dumpster located near the shooting scene. A 9 mm. Glock handgun was found at the same time in the bushes nearby. Some of the spent bullets and cartridges found in Forrest's Mazda and at the scene of the shooting were shown by ballistics tests to have been fired from these pistols. The Taurus and Glock pistols had been purchased at a

---

[1] At all relevant times, Maynard was in jail following his arrest for an unrelated shooting. The jail has a computerized system that records all calls made by inmates.

Williamson County pawn shop in July 2002 by Karl Roth. A recorded telephone call from Confer to Roth, made from the Williamson County jail after Confer's arrest, was introduced in evidence.

Count one of the indictment contained three paragraphs accusing Confer of organized criminal activity. Paragraphs one and three alleged that Confer, with the intent to establish, maintain, or participate in a combination or in the profits of a combination: (1) committed aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to Forrest by shooting a firearm; and (2) committed aggravated assault by intentionally or knowingly threatening Forrest with imminent bodily injury while using or exhibiting a firearm. Paragraph two alleged that Confer, as a member of a criminal street gang, committed aggravated assault by intentionally, knowingly, or recklessly causing bodily injury to Forrest by shooting a firearm. All three paragraphs were submitted to the jury in the court's charge, which authorized Confer's conviction either as the primary actor in or as a party to the aggravated assault. *See* Tex. Pen. Code Ann. § 7.02 (West 2003). The jury returned a general verdict of guilty.

Confer urges that the evidence is legally and factually insufficient to sustain the jury's verdict. The question presented is whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (legal sufficiency); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004) (factual sufficiency). In a legal sufficiency review, all the evidence is reviewed in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Griffin*, 614 S.W.2d at 159 (citing *Jackson*, 443 U.S. at 318-19). In a factual sufficiency review, all the evidence is considered equally,

4

including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although due deference still must be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484-85; *see Johnson*, 23 S.W.3d at 11.

Confer does not challenge the sufficiency of the evidence regarding his participation in a combination or membership in a criminal street gang on the night in question. *See* Tex. Pen. Code Ann. § 71.01(a), (d) (West 2003).[2] Confer also does not deny that the State proved that Saunders and Cox assaulted Forrest by shooting or threatening him with firearms. Confer urges, however, that the State failed to prove that he personally assaulted Forrest, or that he solicited, encouraged, directed, aided, or attempted to aid those who did so.

The evidence shows that Confer and Maynard planned a confrontation with Forrest. Confer and his companions, whom he outranked in the Aryan Brotherhood, drove to Forrest's apartment in Confer's pickup truck. Confer knew that Trump, Saunders, and Cox were armed. One of the pistols used in the shooting, the Taurus, was linked to Confer by the shipping carton found in his pickup. Soon after the shooting, Confer called the person who purchased the Taurus and Glock

---

[2] As a consequence, we have not discussed the testimony regarding the activities of the Aryan Brotherhood or the evidence, beyond his own admission, of Confer's membership in that organization.

5

pistols. Viewing this evidence in the light most favorable to the verdict, the jury could find beyond a reasonable doubt that Confer encouraged, directed, or aided Saunders and Cox in assaulting Forrest. Point of error one challenging the legal sufficiency of the evidence is overruled.

In support of his claim that the evidence is factually insufficient, Confer argues that the greater weight of the evidence supports a finding that he went to Forrest's apartment merely to deliver a message or collect a debt for Maynard. Confer urges that the shooting was not planned, but happened when Forrest behaved in a more aggressive manner than had been anticipated. He also points out that there is no evidence that he personally fired a weapon. Evidence is not factually insufficient, however, merely because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Even when the evidence is viewed in a neutral manner, it is sufficient to support a finding beyond a reasonable doubt that Confer was a party to the aggravated assault on Forrest. Point of error five is overruled.

Confer next contends that the trial court should have granted his motion to quash the indictment because it failed to name or identify the persons who participated in the alleged combination. We review the court's ruling de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Yanes v. State*, 149 S.W.3d 708, 709 (Tex. App.—Austin 2004, pet. ref'd).

In order to prove that a defendant participated in a criminal combination, the State must prove that he participated with two or more other persons in a continuing course of criminal activities. *Nguyen v. State*, 1 S.W.3d 694, 697 (Tex. Crim. App. 1999). Confer argues that in order to give a defendant adequate notice in order to prepare a defense, the State must allege the names of the other persons in the combination. The court of criminal appeals has held to the contrary.

6

While the State may be required to prove the names of the other members of the combination at trial, the omission of their names does not render the indictment defective. *State v. Duke*, 865 S.W.2d 466, 468 (Tex. Crim. App. 1993) (reversing order granting motion to quash). Point of error two is overruled.

Confer's brief contains two points of error numbered three. In one, he asserts that the trial court fundamentally erred by authorizing his conviction as a party because the indictment did not allege party liability. In the other, he argues that the indictment's failure to allege that he acted as a party denied him fair notice of the accusation as guaranteed by the United States and Texas constitutions. U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10. Neither contention was raised below.

In a prosecution for organized criminal activity based on the commission of an object offense, the defendant may be convicted as a party to the object offense. *McIntosh v. State*, 52 S.W.3d 196, 201 (Tex. Crim. App. 2001); *and see Otto v. State*, 95 S.W.3d 282, 284-85 (Tex. Crim. App. 2003). It is well-settled that the law of parties need not be alleged in the indictment. *Marable v. State*, 85 S.W.3d 287, 287 (Tex. Crim. App. 2002); *Pitts v. State*, 569 S.W.2d 898, 900 (Tex. Crim. App. 1978). In effect, sufficient notice to prepare a defense is given to a party to an offense by alleging the underlying offense itself; the facts which make a person criminally responsible for the conduct of another are evidentiary and need not be pled. *Swope v. State*, 805 S.W.2d 442, 444-45 (Tex. Crim. App. 1991). The indictment in this cause gave Confer adequate notice, and the trial court did not err by authorizing his conviction as a party to the aggravated assault. *Marable*, 85 S.W.3d at 287; *Pitts*, 569 S.W.2d at 900. Both points of error three are overruled.

7

Finally, Confer contends that the trial court should have instructed the jury on the defenses of mistake of fact and defense of a third person. *See* Tex. Pen. Code Ann. §§ 8.02, 9.33 (West 2003). He concedes that he did not request these instructions or object to their absence, but he argues that their omission from the jury charge was egregiously harmful. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). *Almanza* does not apply, however, unless there is error in the jury charge. *Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998). A trial court is not obligated to instruct the jury on unrequested defensive issues. *Id*. If a defensive instruction is not requested, its omission from the charge is not error. *Id*. Point of error four is overruled.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Affirmed

Filed: April 14, 2005

Do Not Publish