NUMBER 13-04-041-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

JOSE ESQUIVEL,                                                                            Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

          On
appeal from the 214th District Court of Nueces County, Texas.

 

                                MEMORANDUM
OPINION

 

         Before
Chief Justice Valdez and Justices Hinojosa and Yañez

                            Memorandum
Opinion by Justice Yañez

 








On December 18, 2003, appellant, Jose Esquivel, was
indicted on one count of aggravated assault[1]
and one count of engaging in organized criminal activity.[2]  After a jury trial, appellant was found
guilty and the jury assessed punishment at ten years= confinement for aggravated assault and twenty years= confinement for engaging in organized criminal
activity.[3]  

The record contains the trial court=s certification that this is not a plea-bargain case
and the defendant has the right of appeal.[4]  As this is a memorandum opinion not
designated for publication and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court=s decision and the basic reasons for it.[5]

In two issues, appellant contends (1) the evidence
is legally and factually insufficient to support his conviction for engaging in
organized criminal activity, and (2) the trial court erred in its submission of
an improper charge to the jury.  We
affirm. 

Regarding appellant=s
contention that the evidence is legally and factually insufficient, he argues
in particular that the State failed to produce any evidence at trial to support
that he Aconspired@ to commit aggravated assault or that he had
committed the assault as part of a Acombination.@








The offense of Aengaging in organized criminal activity@ is defined by section 71.02(a) of the Texas Penal
Code.[6]  It provides, in relevant part, that A[a] person commits an offense if, with the intent to
establish, maintain, or participate in a combination or in the profits of a
combination, he commits or as a member of a criminal street gang, he commits or
conspires to commit . . . aggravated assault[.]@[7]  The relevant
definitions related to the offense are defined in section 71.01 of the penal
code and are as follows:

(a) ACombination@ means three or more persons who collaborate in
carrying on criminal activities, although: 

 

(1) participants may not know each other's identity;


 

(2) membership in the combination may change from
time to time; and 

 

(3) participants may stand in a wholesaler‑retailer
or other arm's‑length relationship in illicit distribution
operations.  

 

(b) AConspires to commit@ means
that a person agrees with one or more persons that they or one or more of them
engage in conduct that would constitute the offense and that person and one or
more of them perform an overt act in pursuance of the agreement.  An agreement constituting conspiring to
commit may be inferred from the acts of the parties.

 

(d) ACriminal street gang@ means
three or more persons having a common identifying sign or symbol or an
identifiable leadership, who continuously or regularly associate in the
commission of criminal activities.[8]

 








To establish a combination the State must show the
members of the combination mutually agreed or intended to work together.[9]  The State must prove that the defendant
intended to establish, maintain, or participate in a group of three or more, in
which the members intend to work together in a continuing course of criminal
activities.[10]  However, the proscribed action may be the
first actual crime committed by a member of the combination.[11]  Such agreements may, and almost necessarily
must, be established by circumstantial evidence.[12]


Sufficiency of the evidence is measured against the
elements of the offense as defined in a hypothetically correct jury charge.[13]  Such a charge would be one that accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State's burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for
which the defendant was tried.[14]   

The indictment in this case alleged as follows:

Jose Esquivel, defendant, on or about September 24,
2003, in Nueces County, Texas, did then and there intentionally, knowingly or
recklessly cause bodily injury to another, Fernando Vasquez by shooting
Fernando Vasquez with a firearm.

 

Jose Esquivel . . . on or about September 24, 2003 .
. . did then and there intentionally, knowingly or recklessly as a member of a
criminal street gang . . . the Sacky Condos, commit the offense of aggravated
assault by causing bodily injury to Fernando Vasquez, by shooting Fernando Vasquez
with a firearm.

 

Jose Esquivel . . . on or about September 24, 2003 .
. . did then and there intentionally, knowingly or recklessly as a member of a
Combination . . . commit the offense of aggravated assault by causing bodily
injury to Fernando Vasquez, by shooting Fernando Vasquez with a firearm.

 

Legal Sufficiency

 








In evaluating the legal sufficiency of the evidence,
we view the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.[15]  When conducting a legal sufficiency review,
we consider all the record evidence, including evidence that was inadmissible.[16]   

Here, evidence shows appellant was a member of the ASacky Condos,@ a gang that included numerous members who had been
convicted previously of various criminal offenses.  Regarding appellant=s gang membership, Officer Manuel Fonseca testified
that appellant admitted being a member of the Sacky Condos and had also shown
him a tattoo on his front torso that said ASacky.@  Fonseca
further testified that appellant had worn a belt buckle in the past that had an
AS@ prominently displayed, which Fonseca claimed stood
for ASacky.@ 
Additionally, Daniel Mauricio, a defense witness, admitted that the
Sacky Condos was a gang comprised of several members, many of whom had criminal
histories.  Officer Todd Beach also
testified that the Sacky Condos gang colors were white and black. 








Regarding the incident in question, the victim,
Fernando Vasquez, testified that on the day in question, he was hanging out
with appellant and appellant=s fellow gang members, Daniel and Ralph, on the
front porch of his house.  Fernando
claimed that all of them were drinking alcohol and smoking marihuana.  According to Fernando, for no particular
reason, he decided to show them his .38 caliber pistol.  He claimed he retrieved the pistol from
inside his house, showed it to them, and promptly returned the pistol to the
inside of the house.  Fernando further
testified that shortly after he returned to the porch, Daniel, without
provocation, challenged him to a fight. 
Fernando admitted that in response, he initially pushed Daniel off the
porch and told him that he needed to leave. 
Moments later, Ralph allegedly pushed Fernando into a nearby bush and
jumped on top of him while appellant held him down.  Fernando further testified that as Ralph was
on top of him, he tried to reach inside his pocket for a knife, but claimed
appellant wrested it away from him. 
According to Fernando, Daniel then broke a bottle on his head.  Fernando also indicated that one of the other
men kicked him in the eye.  Fernando
stated that he was able to rise to his feet in an effort to get away but as he
fled, he turned around and observed appellant fire a single shot at him which
hit him in his leg and knocked him to the ground.  After the shooting, appellant and his fellow
gang members fled the scene.  

The record shows that in the past, appellant and
various other Sacky gang members had committed at least six additional criminal
offenses.  First, Santiago Torres, a
student who attended the same school as appellant, testified that in 1999,
appellant and at least three other Sacky gang members hit him in the head with
a rock knocking him unconscious.  He
further testified that after he regained consciousness, he observed appellant
and the other members running away from the scene. 








Second, Fonseca testified that on the night Fernando
was shot, an unrelated drive-by shooting had been committed by another member
of the Sacky Condos, Emanuel Antunez, in an area near where Fernando had been shot.  Officer Edward Shannon testified that he
responded to the call regarding the drive-by shooting and claimed the call had
occurred sometime prior to the time Fernando had been shot.  After he arrived at the scene, witnesses
allegedly told him that appellant and other Sacky gang members committed the
drive-by shooting because Jose Corpus, a prospective gang recruit, refused to
join the Sacky Condos.   

          
Third, Shannon testified that on June 2, 2000, he attempted to pull over
a vehicle that refused to stop.  During
the incident, Shannon claimed the vehicle nearly struck another police
unit.  According to Shannon, when the
vehicle finally pulled over, he discovered that appellant was the driver and
was accompanied by two fellow gang members. 
All three allegedly admitted that they were members of the Sacky
Condos.  As a result of the incident,
appellant was arrested for evading arrest. 


Fourth, Officer Keith Strasheim testified that on
April 12, 2001, he responded to a disturbance involving appellant and fellow
gang member Daniel Mauricio.  As a result
of the disturbance, Mauricio was arrested for unlawfully carrying a weapon and
appellant was arrested for public intoxication. 


Fifth, Officer James Gray, a member of the gang task
force,  testified that on May 7, 2001, he
stopped a vehicle driven by Roy Riojas, a Sacky gang member, who was
accompanied by appellant and three other gang members.  As a result of the stop, Riojas was arrested
for driving while intoxicated and appellant was arrested for public
intoxication. 

Sixth, on June 16, 2001, the record further reflects
that Officer Shannon responded to a call regarding a neighborhood disturbance.  According to Shannon, due to the disturbance,
Felix Perez, a Sacky Condos gang member, and appellant were cited for public
intoxication.                 








In analyzing the record, we note initially that
appellant was indicted and tried for engaging in organized criminal activity on
the theory he committed the underlying offense of aggravated assault, not that
he conspired to commit the aggravated assault.[17]  Viewing the evidence in the light most
favorable to the jury's verdict, we conclude a rational trier of fact could
have determined beyond a reasonable doubt that appellant, as a member of either
a combination or a criminal street gang, committed the underlying offense with
the intent to establish, maintain, or participate in either a combination or a
criminal street gang.[18]  Evidence showed appellant and two other
members of the Sacky Condos jointly assaulted Fernando, and that appellant had
participated, as a member of the Sacky Condos, in numerous other criminal acts
with fellow gang members which constituted a continuing course of criminal
activity.[19]  Based on the circumstantial evidence
presented by the State, a rational trier of fact could have found all of the
elements of engaging in organized criminal activity beyond a reasonable doubt.[20]  Thus, the evidence is legally sufficient to
support appellant=s conviction. 

Factual Sufficiency








When reviewing the factual sufficiency of the
evidence, we review all of the evidence, but not in the light most favorable to
the prosecution.[21]  We must determine whether a neutral review of
the evidence, both for and against the finding, demonstrates that a rational
jury could find guilt beyond a reasonable doubt.[22]  Evidence is factually insufficient when
evidence supporting the verdict, considered by itself, is too weak to support
the finding of guilty beyond a reasonable doubt.[23]  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond‑a‑reasonable‑doubt
burden of proof could not have been met.[24]  The jury is the sole judge of the weight and
credibility of witness testimony.[25]  Our evaluation may not intrude upon the fact‑finder's
role as the sole judge of the weight and credibility accorded any witness's
testimony.[26]  The fact‑finder alone determines what
weight to place on contradictory testimonial evidence, as it depends on the
fact‑finder's evaluation of credibility and demeanor.[27]
      

Regarding appellant=s
factual sufficiency challenge, he contends the State failed to prove he Aconspired@ to commit the aggravated assault or that he, as
part of a Acombination,@ committed the aggravated assault.  He therefore argues that the evidence is
factually insufficient to support his conviction for engaging in organized
criminal activity. 








Contrary to appellant=s
assertion regarding Aconspiracy,@ the indictment alleged that appellant, as a member
of either a combination or a criminal street gang, actually committed the
aggravated assault.[28]  Although appellant claimed he acted in
self-defense, he admitted that he shot appellant.  Appellant also acknowledged that at some
point prior to the shooting, he went home and retrieved his loaded pistol and
then went back over to Fernando=s house. 
Shortly after appellant=s return, appellant testified that Fernando and Daniel
became involved in an altercation. 
Appellant claimed that after he tried to break up the altercation,
Fernando began to approach him aggressively. 
Appellant further claimed that at that time he feared for his life
because he knew Fernando was intoxicated and had previously displayed a
weapon.  Appellant claimed that as
Fernando approached him, he told him to Achill out.@  Appellant
testified that Fernando ignored his request and continued to approach.  As a result, appellant claimed he shot
Fernando out of panic and because he feared for his life.  Appellant acknowledged that following the
shooting, he fled the scene and later threw his pistol in the garbage.     








In a neutral light, evidence shows appellant was a
member of the Sacky Condos, and that he, along with two fellow gang members
acting in concert, assaulted Fernando.[29]  Additionally, evidence was presented of
numerous offenses previously committed by appellant and other members of the Sacky
Condos as part of a continued course of criminal activity.[30]  Although appellant claimed self-defense
regarding the incident in question, the jury was the sole judge of the weight
and credibility of the evidence in this case.[31]  After reviewing the evidence, we conclude the
evidence supporting the verdict was not too weak to support a finding of guilt
and that contrary evidence was not so strong such that the
beyond-a-reasonable-doubt standard could not have been met.[32]  Thus, the evidence is factually sufficient to
support appellant=s conviction for engaging in criminal activity.

Because the evidence is legally and factually sufficient
to support appellant=s conviction, we overrule his first issue.

Improper Jury Charge

By his second issue, appellant contends the court
improperly submitted an incorrect, 
disjunctive jury charge regarding the allegation that he had engaged in
organized criminal activity.  Appellant
further argues that the court=s charge failed to require a unanimous verdict. 








Our review of a jury charge for error is a two‑step
process.[33]  First, we must determine if there is error in
the charge.[34]  If so, we must determine whether sufficient
harm resulted from the error to require reversal.[35]  The standard of review differs depending on
whether the appellant made a timely objection at trial.[36]  If the error in the charge was the subject of
a timely objection, reversal is required if there is some harm to the defendant
as a result of the error.[37]  If no proper objection was made at trial, reversal
is required only if the error is so egregious that the defendant was denied a
fair and impartial trial.[38]            In
this case, the indictment alleged that appellant committed the offense of
engaging in organized criminal activity by alternative means.  Specifically, it alleged that appellant had
committed aggravated assault as a member of a criminal street gang or as a
member of a combination.  The jury charge
stated, in relevant part:

[Law]

 

A Person commits an offense of engaging in organized
criminal activity if, with the intent to establish, maintain, or participate in
a combination or in the profits of a combination or as a member of a criminal
street gang, he commits or conspires to commit aggravated assault.

 

[Definitions]

 

ACombination@ means three or more persons who collaborate in carrying
on criminal activities, although:

 

(1) participants may not know each other=s identity; and,

 

(2) membership in the combination may change from
time to time.

 








AConspires to commit@ means
that a person agrees with one or more persons that they or one or more of them
engage in conduct that would constitute the offense and that person and one or
more of them perform an overt act in pursuance of the agreement.  An agreement constituting conspiring to
commit may be inferred from the acts of the parties.

 

ACriminal street gang@ means
three or more persons having a common identifying sign or symbol or an
identifiable leadership who continuously or regularly associate in the
commission of criminal activities.

 

***

[Application Paragraph]

 

Now, if you find from the evidence beyond a
reasonable doubt that on or about September 24, 2003 . . . Jose Esquivel, did
then and there intentionally, knowingly, or recklessly as a member of a
criminal street gang, to wit the Sacky Condos, commit the offense of aggravated
assault by causing bodily injury to Fernando Vasquez by shooting Fernando
Vasquez with a firearm,

 

OR

 

If you find from the evidence beyond a reasonable
doubt that on or about September 24, 2003 . . . Jose Esquivel, did then and
there intentionally, knowingly, or recklessly as a member of a combination, to
wit: the Combination, commit the offense of aggravated assault by causing
bodily injury to Fernando Vasquez, by shooting Fernando Vasquez with a firearm,
then you will find the defendant guilty of engaging in organized criminal
activity, as alleged in the indictment.

 








In the present case, the application paragraph of
the charge stated the offense of engaging in organized criminal activity by
alternative means.  The jury was therefore
permitted to convict appellant by finding either that he committed the offense
of aggravated assault as a member of a criminal street gang or as a
member of a combination.  The court of
criminal appeals has held that alternate pleading of differing methods of
committing one offense may be charged in one indictment.[39]  After our review of the charge submitted to
the jury, we conclude the court=s submission of the charge did not constitute error
because the charge authorized conviction based on alternate methods of
committing the same offense.[40]  Specifically, the charge authorized
conviction for engaging in organized criminal activity if the jury found that
appellant himself committed the aggravated assault as a member of a combination
or as a member of a criminal street gang. 
As such, appellant was not deprived of his right to a unanimous jury
verdict nor was he deprived of his right to a fair and impartial jury trial.[41]  We therefore overrule appellant's second
issue.

Because we have overruled appellant=s two issues, we affirm the judgment of the trial
court.  

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P.  47.2(b)

Memorandum Opinion delivered and 

filed this the 31st day of August, 2005.

 

 

 

 

 

 











[1]  See Tex. Pen. Code Ann. '' 22.01, 22.02(a) (Vernon Supp.
2004-05).





[2] 
See id. ' 71.02(a)(1) (Vernon Supp. 2004‑05).





[3] 
The trial court=s final judgment ordered the two
sentences to be served concurrently.





[4] 
See Tex. R. App. P. 25.2(a)(2).





[5] 
See Tex. R. App. P. 47.4.





[6] 
See Tex. Pen. Code Ann. ' 71.02(a)(1) (Vernon Supp.
2004-05).  





[7] 
See id.   





[8] 
See id. ' 71.01 (Vernon 2003).





[9] 
See Nguyen v. State, 1 S.W.3d 694, 697 (Tex. Crim. App. 1999).





[10] 
See id.





[11] 
See id. 





[12] 
See Munoz v. State, 29 S.W.3d 205, 209 (Tex. App.BAmarillo 2000, no pet.).





[13] 
See Wheaton v. State, 129 S.W.3d 267, 271-72 (Tex. App.BCorpus Christi 2004, no pet.).  





[14] 
See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997).





[15] 
See Jackson v. Virginia, 443 U.S. 307, 319 (1979). 






[16] 
See Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).





[17] 
See State v. Duke, 865 S.W.2d 466, 467‑68 (Tex. Crim. App.
1993) (stating that when an allegation of engaging in organized criminal
activity is based on a conspiracy to commit one of the underlying offenses,
proof of the defendant's performance of an overt act is required). 





[18] 
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Jackson, 443 U.S. at 319; Dewberry, 4 S.W.3d at
740; Nguyen, 1 S.W.3d at 697; Munoz, 29 S.W.3d at 209, Roy v.
State, 997 S.W.2d 863, 868 (Tex. App.BFort Worth 1999, pet. ref=d). 






[19] 
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Jackson, 443 U.S. at 319; Dewberry, 4 S.W.3d at
740; Nguyen, 1 S.W.3d at 697; Munoz, 29 S.W.3d at 209; Roy,
997 S.W.2d at 868. 





[20] 
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Jackson, 443 U.S. at 319.





[21] 
See Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App.
1997).  





[22] 
See Zuniga v. State, 2004 Tex. Crim. App. LEXIS 2014, No. 539-02,
at *7 (Tex. Crim. App. Apr. 21, 2004) (designated for publication).





[23] 
See id. 





[24] 
See id.  





[25] 
See Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).





[26] 
See Cain, 958 S.W.2d at 408. 






[27] 
See id. at 408‑09. 





[28] 
See Duke, 865 S.W.2d at 467‑68 (stating that definition of Aconspires to commit@ does not apply to cases where it
is alleged that the defendant actually committed the enumerated offense). 





[29] 
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Zuniga, 2004 Tex. Crim. App. LEXIS 2014 at *7. 





[30]  See Nguyen, 1 S.W.3d at 697.  





[31] 
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Wesbrook, 29 S.W.3d at 112; Cain, 958 S.W.2d at
408; Duke, 865 S.W.2d at 467‑68; Roy, 997 S.W.2d at 868.





[32]   
See Tex. Pen. Code Ann. '' 71.01, 71.02(a) (Vernon 2003 &
Supp. 2004-05); Zuniga, 2004 Tex. Crim. App. LEXIS 2014 at *7;
Wesbrook, 29 S.W.3d at 112; Cain, 958 S.W.2d at 408; Duke,
865 S.W.2d at 467‑68; Roy, 997 S.W.2d at 868. 





[33] 
See Ochoa v. State, 119 S.W.3d 825, 828‑29 (Tex. App.BSan Antonio 2003, no pet.).  





[34] 
See Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 1981); Ochoa, 119 S.W.3d at 828.  





[35] 
See Ochoa, 119 S.W.3d at 828. 






[36] 
See Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App.
2004).  





[37] 
See Tex. Code Crim. Proc.
Ann. art. 36.19 (Vernon 1981); Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985) (op. on reh=g).  





[38] 
See Ovalle, 13 S.W.3d at 786; Almanza, 686 S.W.2d at
171.  





[39] 
See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991)
(en banc).  





[40] 
See id.





[41] 
See id.