# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00349-CR

**Matthew Shane Cox, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT
NO. 04-240-K368, HONORABLE CHARLES E. MILLER JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant, Matthew Shane Cox, guilty of engaging in organized criminal activity with the aggravated assault of Shawn Forrest and sentenced him to 50 years' imprisonment. *See* Tex. Penal Code Ann. §§ 71.02 (West Supp. 2007) (organized criminal activity), 22.02 (West Supp. 2007) (aggravated assault). In four issues, appellant argues that the evidence is legally and factually insufficient to support his conviction and that the court erred by refusing to quash the indictment. We affirm.

## Background

In the early hours of July 22, 2002, Shawn McCoy was awoken by gunshots outside his home and observed a white pickup truck and red car speeding down his street. Georgetown Police Officers stopped these vehicles; Kimela Trump was driving the white truck, and Shawn

Forrest was driving the red car. Forrest told officers that he had been shot. His finger was injured and there were numerous bullet holes in the body and windshield of the red car. Officers began searching the area near McCoy's residence. At 7:00 a.m., Shane Saunders, whose driver's license had been found in the white pickup truck, and Warren Confer were found walking in the suspect-area and taken into custody. Both men were sweating and covered with dirt and grass burrs.

Police found two guns, a Ruger and a Romarm, in the white pickup truck, in addition to magazines and ammunition for each of the rifles. Police also found a rifle case that contained a letter addressed to appellant at Confer's address. Finally, police found the box for a Taurus 9-mm pistol in the vehicle. Police later discovered this Taurus pistol, as well as a Glock handgun, near McCoy's residence. Forensic firearms examiner Calvin Story testified that at least three different guns were used in the shooting.

Testimony revealed that Trump, Saunders, Confer, and Forrest all belonged to the Aryan Brotherhood of Texas gang. Trump was the girlfriend of William David Maynard, one of the leaders in the gang. Appellant was arrested on an unrelated warrant when Texas Ranger Lindeman went to perform a search of Confer's residence. Lindeman testified that from monitoring jail phone calls, he learned that appellant was a fourth individual involved in the shooting and an associate in the gang.

Appellant admitted to police that he was present when Forrest was shot and that he fired shots from his weapon. He claimed, however, that all his shots were fired at the ground rather than at Forrest.

## Sufficiency of the Evidence

The jury convicted appellant of the first-degree felony offense of engaging in organized criminal activity with aggravated assault as the underlying felony offense. In his first and second issues, appellant argues that the evidence is legally and factually insufficient to show that he directly or as a party "committed the crime of aggravated assault nor is there sufficient credible evidence to prove Appellant was part of a combination or a member of a criminal street gang." Thus, appellant challenges the sufficiency as to the underlying offense (aggravated assault) and as to his participation (in combination or as member of a criminal street gang).

In reviewing the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and ask whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). In reviewing the factual sufficiency of the evidence, we consider all the evidence equally, including testimony by defensive witnesses and evidence supporting alternative hypotheses. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Orona v. State*, 836 S.W.2d 319, 321 (Tex. App.—Austin 1992, no pet.). Although we give due deference to the fact-finder's determinations, particularly those involving the weight and credibility of the evidence, we may disagree with the result to prevent a manifest injustice. *Johnson v. State*, 23 S.W.2d 1, 9 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Evidence is factually insufficient if the evidence supporting the verdict is so weak as to make the finding of guilt clearly wrong or manifestly unjust, or if the verdict is against the great weight and preponderance of the

3

available evidence. *Watson v. State*, 204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006); *Johnson*, 23 S.W.3d at 11. The standard is the same for direct and circumstantial evidence, and the State may prove its case solely through circumstantial evidence. *Barnes v. State*, 62 S.W.3d 288, 297 (Tex. App.—Austin 2001, pet. ref'd). The jury is the sole judge of the weight and credibility of witness testimony. *Id.* at 298. The fact-finder may accept or reject any or all of a witness's testimony, may draw reasonable inferences from the evidence, and must resolve evidentiary conflicts. *Id.*

*Underlying Offense–Aggravated Assault*

The underlying felony offense as alleged in the State's indictment was the aggravated assault of Forrest. The jury was presented with two theories as to the manner of the commission of this underlying offense; either appellant (1) intentionally, knowingly, or recklessly caused bodily injury to Forrest and used or exhibited a deadly weapon, a firearm; or (2) intentionally or knowingly threatened Forrest with imminent bodily injury and used or exhibited a deadly weapon, a firearm. The jury charge included an instruction on party culpability. *See* Tex. Penal Code Ann. § 7.02(a)(2) (West 2003).

The appellant argues that there is no evidence that (1) he fired a gun or threatened Forrest, (2) he "acted with the intent that Forrest be fired upon," and (3) he "solicited, encouraged, directed, aided, or attempted to aid another person to threaten or shoot at Forrest."

In his custodial statement, appellant admitted to being present during the crime and going to Forrest's door and luring him outside. Trump testified that appellant, Confer, and Saunders all began shooting at Forrest. Appellant claims Trump's testimony, pursuant to a plea bargain, has

4

no probative value. However, Trump's testimony is not the only evidence linking appellant to the offense. Appellant admitted to purchasing the Taurus gun and swapping it with Saunders prior to the Forrest shooting. Police recovered a gun box and instruction manual for a Taurus gun from the white pickup, and both appellant's and Saunder's fingerprints were found on the manual. Appellant's fingerprints were also on the truck. In taped jailhouse telephone calls, appellant and Saunders discussed their attempts to avoid being caught and wiping down the weapons used, and appellant said that he did not know whether Forrest survived the attack, and that he had needed all the bullets in his weapon to carry out the shooting. Appellant admitted that he had a 9-mm firearm in his possession during the shooting which he later threw in the woods. Appellant also admitted that he fired shots but claimed he fired them at the ground and not at Forrest because he feared for his own safety. However, the ballistics expert testified that it appeared only one shot had been fired at the ground.

The evidence and reasonable inferences drawn therefrom are sufficient for the jury to have concluded beyond a reasonable doubt that appellant was guilty as either a party or a principal of the offense of aggravated assault. Furthermore, the jury was free to sift and weigh Trump's testimony and make judgments about its value based on the jury's evaluation of her credibility, motive to fabricate, and contradictions or inconsistencies. Trump's testimony was not the only evidence of appellant's participation in the crime of aggravated assault. Even when viewed in a neutral manner, the evidence is sufficient to support a finding beyond a reasonable doubt that appellant was guilty of aggravated assault.

*Participation in Combination or Membership in Gang*

The jury was presented with two theories of the conspiracy—appellant committed aggravated assault either with the intent to establish, maintain, or participate in a combination or as a member of a criminal street gang. The appellant argues that there is no evidence he intended or was involved in more than one criminal episode, that the evidence proves he was not a member of the gang, and that the only criminal activity he engaged in with Trump, Confer, and Saunders was the Forrest shooting.

To establish that a defendant engaged in organized criminal activity, the State must prove more than an agreement to jointly commit a single crime. *Nguyen v. State*, 1 S.W.3d 694 , 697 (Tex. Crim. App. 1999). Although the State is not required to prove commission of more than one offense, it must prove continuity or that the defendant intended to establish, maintain, or participate in a group of three or more and that the members intended to work together in a continuing course of criminal activities. *Id.*

Detective Volk testified about the structure and membership of the Aryan Brotherhood gang. He testified that appellant and Saunders were prospects or associates of the gang. Appellant was living with Confer at the time of the incident. Appellant admitted that he traded guns with Saunders, that he knew the gang methamphetamine cook, and that he was picked up from the shooting scene by Confer's girlfriend. Appellant also admitted to being an associate member of the gang. Trump testified that appellant made and sold methamphetamine for the Aryan Brotherhood, that he burglarized a vehicle at Confer's request, and that he procured weapons for the gang, including the Taurus gun that appellant admitted to buying and swapping with Saunders before the Forrest shooting.

6

Viewed in the light most favorable to the jury's verdict, we hold that the evidence is legally sufficient to show that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Furthermore, appellant's challenge to the factual sufficiency of the evidence is based on the credibility of witnesses, particularly Trump, and those determinations are left for the jury.  *See Barnes*, 62 S.W.3d at 298.  We further conclude that viewed in a neutral light, the evidence is factually sufficient to sustain the jury's guilty verdict.

We overrule appellant's first and second issues.

**Motion to Quash Indictment**

In his third and fourth issues presented, appellant challenges the sufficiency of the indictment, claiming that the trial court erred by refusing to quash the indictment and that the vagueness of the indictment violated the Sixth and Fourteenth Amendments to the United States Constitution.  In both issues, appellant argues that the indictment failed to "specifically identify the criminal activities of the combination or street gang."  We review the court's ruling de novo. *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004); *Yanes v. State*, 149 S.W.3d 708, 709 (Tex. App.—Austin 2004, pet. ref'd.).

A defendant must be given notice before trial of the nature and cause of the accusation against him with sufficient clarity and detail to enable him to anticipate the State's evidence and prepare a proper defense.  *Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1988).  Here, the indictment tracked the language of penal code section 71.02, which defines engaging in organized criminal activity as:  (1) a person, (2) with intent to establish, maintain or participate in a combination or as a member of a criminal street gang, (3) commits or conspires to

7

commit (4) a listed offense. *See* Tex. Penal Code Ann. § 71.02 (West Supp. 2007). When an indictment tracks the language of the appropriate subsections of penal code section 71.02, it adequately charges the defendant with the offense of engaging in organized crime and the trial court does not err in refusing to quash the indictment. *Gemoets v. State*, 116 S.W.3d 59, 73 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Furthermore, to prove that a defendant participated in a criminal combination, the State must prove that he participated with two or more other persons in a continuing course of criminal activities. *Nguyen v. State,* 1 S.W.3d 694, 697 (Tex. Crim. App. 1999). The State is required neither to allege the names of the other persons in the combination in the indictment nor to allege, beyond the elements of the offense, additional overt acts committed by the defendant in furtherance of the combination. *State v. Duke*, 865 S.W.2d 466, 468 (Tex. Crim. App. 1993). We overrule appellant's third and fourth issues.

### Conclusion

We affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Waldrop

Affirmed

Filed:  May 15, 2008

Do Not Publish

8